## OSCAR T. SHINN v. STATE.

No. A-4763. Opinion Filed Sept. 26, 1925.
(239 Pac. 269.)

O. T. Shinn and C. H. Parrick, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error was convicted of the abduction of a child, with his punishment assessed by the jury at two years in the penitentiary.

Oscar T. Shinn, plaintiff in error, in this opinion referred to as the defendant, was convicted in the district court of Oklahoma county of the statutory crime of "enticing, taking, and abducting" from his parents a four year old child, named Jack Karam.

The domestic life of the parents of this child, Ameen Karam and Josephine Karam, was unhappy from the beginning, finally culminating in divorce proceedings, wherein each charged the other with evading marital obligations, with acts of gross immorality, and with gross neglect of duty in the matter of the physical care of the child, Jack, involved in this prosecution. It was charged, among other things, that the mother spent many nights with men in questionable places; that she had no real affection for her child; that she frequently left little Jack in the care of strangers and persons unfit to look after him; that she permitted the child to go unkempt and his body to become filthy, and did not care for him when he was ill.

In the course of events, the custody of the child was, by the court, awarded first to the father, then later to the mother, then again to the father, and a portion of the time to the defendant, Shinn, and his wife. At one

time it was decreed by the court that neither of the parents of the child was a fit person to have the care and custody of the child.

From the record it appears that little attention was paid to the several orders of the court providing for the child's care and custody, and that at times the child was, in effect, an abandoned and neglected child. For a period of about 20 weeks the child was kept by Mr. and Mrs. Karam, sometimes one, and sometimes the other, at various places and rooming houses, in charge of strangers. During a portion of this time, and prior thereto, the child had been in the care and custody of Mr. and Mrs. Shinn, who, it appears, gave him excellent care and attention. A portion of this time Mr. Karam paid the Shinns for the child's board and care. During the time little Jack was with the Shinns, they formed a strong affection and attachment for him and expressed a desire to keep him as a member of their own family.

It is claimed by defendant, Shinn, and, in part, corroborated by letters written to him by Mr. Karam, that Mrs. Karam turned the child over to Shinn and his wife, and that Mrs. Karam shortly thereafter abducted the child from them. Soon after this Mr. and Mrs. Shinn forcibly took the child from Mrs. Karam, which taking constitutes the basis of this prosecution.

Mr. Shinn was a lawyer, but, paying no heed to the maxim, "He who acts as his own lawyer has a fool for a client," he conducted his own defense in the trial court, and did it very inefficiently. The record in the case is incomplete and confusing. The evidence was badly presented, so that it would be difficult, if not impossible, to make or state definite findings of fact.

After much travail, this court has arrived at the conclusion that but one assignment of error need be no-

ticed; namely, that the evidence is insufficient to support the verdict.

We are satisfied, from what appears in the record, that the Shinns were about the only persons having anything to do with the Karam child who had any real affection for him, or who gave him appropriate care and attention, and that in the numerous shiftings of this responsibility they, in a legal and moral sense, had as much right to his custody as either one of the neglectful parents. The child was practically a waif, and we feel that under all the circumstances surrounding its alleged abduction there is no sufficient proof of a violation of the letter and spirit of the law to sustain the verdict of the jury.

The cause is reversed for insufficiency of the evidence, with instructions to the trial court to dismiss the action.

DOYLE, J., concurs.

EDWARDS, J., disqualified, not participating.