John Henry **PAYTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17258.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

Gerald L. Nurdin, Enid, for appellant.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, John Henry Payton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County, Oklahoma, for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the non-jury trial adduced that the defendant was arrested at approximately 6:00 a. m. on June 9, 1971 driving a 1964 Chevrolet Biscayne two-door, 1971 Oklahoma Tag Number MA–2251. The officers had previously ascertained that the car had been taken from a car lot on South Van Buren in Enid. The defendant, upon seeing the police unit, backed down an alley and drove down a street until he "got stuck."

Gerald Rusch testified that he owned a used car lot on South Van Buren in Enid. The car which the defendant was driving at the time of his arrest was owned by him and had been parked upon the used car lot. He testified that he had not given the defendant permission to operate the vehicle at any time.

Alva States testified that in June of 1971 he was employed selling cars for Mr. Rusch. He testified that he had not granted permission to the defendant to operate the vehicle.

Detective Davis testified that he interrogated the defendant on the 9th day of June 1971 at the police department. After advising the defendant of his Miranda rights and ascertaining that he understood the same, the defendant stated that he took the vehicle from the lot belonging to Mr. Rusch. He testified that the ignition of the car was in an unlocked position and he was able to start it without a key. The defendant told him that he had driven the car on at least six prior occasions.

The defendant testified that he did take the car on the day in question. He testified that he was just riding around in it and intended to take it back. He had taken it on four to six prior occasions and had always taken it back early in the morning. He admitted prior convictions for Receiving Stolen Property and Unauthorized Use of a Motor Vehicle.

The defendant asserts four propositions of error, none of which we deem contain sufficient merit to warrant discussion. The defendant admitted taking the vehicle without permission. Title 47, Section 4–102 provides:

"A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive him, *temporarily* or otherwise, of the vehicle or its possession, takes, uses or drives the vehicle is guilty of a felony." (Emphasis added.)

The judgment and sentence is affirmed.

BRETT, J., concurs.