**Darrell W. FREDERICK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–123.**

Court of Criminal Appeals of Oklahoma.

May 13, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

PER CURIAM:

Appellant, Darrell W. Frederick, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1898, for the offense of Unauthorized Use of a Vehicle, After Former Conviction of a Felony, in violation of 47 O.S.1971, § 4–102. His punishment was fixed by jury at a term of eight (8) years' imprisonment, and from said judgment and sentence a timely appealed has been perfected to this Court.

The State's first witness at trial was Dolores Sutton. She testified that in Febru-

ary or March of 1974, she purchased a 1972 Cadillac which she gave to her boyfriend, Herman Wiley. She stated she purchased said car in her name because her boyfriend could not get credit and she could, that she considered the car to be his, and as such she had driven the car only once. She further testified that on the evening of June 6, 1974, said car was parked at the residence of Wiley's mother because Wiley was in the County Jail and had been there for about two or three days. She stated that after receiving a telephone call from Wiley's mother she called the Police Department and reported that the car had been stolen. She further stated that she dressed and went to Wiley's mother's house at which time she observed that the car was gone. She then went in her car to look for it, and encountered Emmett Douglas, an Oklahoma City Policeman, to whom she related pertinent information concerning the stolen car. She further testified that approximately 30 minutes later she received a telephone call from the Police Department reporting that the car had been recovered. At this time she drove to a specified address where she saw said Cadillac and also saw the defendant in police custody. She further testified that she had not given defendant permission to drive the car, and did not know whether or not Wiley had given defendant permission, but that he could have.

Emmett Douglas testified he was an officer with the Oklahoma City Police Department and was so employed on June 6, 1974, at which time he had occasion to see a Dolores Sutton who related to him pertinent information relating to a possible theft of a 1972 white Cadillac. He stated that between 12:30 and 1:00 a. m. on June 7, 1974, he observed a vehicle which fit the description that Dolores Sutton had given him. He subsequently intercepted the vehicle and arrested the defendant who was the driver and sole occupant. He further testified that after placing the defendant in custody he gave the defendant the Miranda warnings and placed him in a car to be transported to Headquarters. While trav-

eling to the Headquarters the defendant told him that he had borrowed the car from a Herman Wiley.

Jim Parsons testified that he was a Detective in Stolen Goods with the Oklahoma City Police Department and was so employed on June 7, 1974, and at this time he had occasion to interrogate the defendant in the City Jail. He stated that after giving the defendant the Miranda warnings a conversation transpired between the defendant and himself to which he testified as follows:

"[H]e stated he found a key on North Lincoln Boulevard at which time he advised me he was looking around until he found a vehicle that the key fit.

"When he did find this vehicle he drove the car off. I questioned him in reference to the location where he found the key and he had nothing to say.

"At this time the interview was terminated." (Tr. 22)

During the second stage of the proceedings, the State and the defendant stipulated that the said Darrell Wayne Frederick, also known as Ditch Frederick, was convicted of Robbery With Firearms on the 10th day of May, 1972, in the District Court, Oklahoma County, State of Oklahoma, the same being District Court Case No. CRF–72–511, and the judgment in that case was final, and that during the case he was represented by John C. Mackey, an attorney. Also State's Exhibit No. 1, a true and correct copy of the Judgment and Sentence on said conviction was admitted into evidence.

The defendant's sole assignment of error is that the evidence presented at trial was insufficient to prove the defendant guilty. The defendant argues that the prosecution did not prove that the defendant did not have permission to use the 1972 Cadillac, which would be consistent with the defendant's exculpatory statement made to the arresting officer.

The question before this Court is whether or not the State has presented evidence to establish a prima facie case of Unau-

thorized Use of a Vehicle as set forth in 47 O.S.1971, § 4–102, from which the jury could have reasonably concluded that the defendant was guilty as charged. The Unauthorized Use of a Vehicle Statute provides:

"A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive him, temporarily or otherwise, of the vehicle or its possession, takes, uses or drives the vehicle is guilty of a felony."

 The fact that the defendant was in possession of the vehicle must be conceded by both parties. The fact in issue is whether or not the State presented evidence from which the jury could conclude that the defendant did not have permission to possess said vehicle. We feel that the inculpatory statement the defendant made to the detective during his interrogation provided competent evidence from which the jury could reasonably infer that the defendant did not have permission to drive said vehicle. This, coupled with the fact that the record-owner of the car stated that she did not give permission to the defendant to use the car and did not know whether or not her boyfriend had given permission to the defendant to use the car and he offered no testimony, we think is highly significant that no effort was made to offer the testimony of defendant's boyfriend, Wiley, to support the defendant's exculpatory statement made to Officer Douglas. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, Jones v. State, Okl.Cr., 468 P.2d 805 (1970). For this reason this Court has no authority to invade the province of the trier of facts and make a determination of the defendant's guilt or innocence. We therefore

find this assignment of error to be without merit.

In conclusion we observe the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, affirmed.