IN RE ADOPTION OF 2019 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS-CRIMINAL (2D)



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE ADOPTION OF 2019 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS-CRIMINAL (2D)

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE ADOPTION OF 2019 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS-CRIMINAL (2D)
2019 OK CR 28
Case Number: CCAD-2019-1
Decided: 12/20/2019
IN RE ADOPTION OF THE 2019 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (2D)

Cite as: 2019 OK CR 28, __ __

 

ORDER ADOPTING AMENDMENTS TO OKLAHOMA
UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)
¶1 On August 30, 2019, the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2019 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.
¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, and its revisions adopted. The revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.
¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED the amendments to existing OUJI-CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted, to wit:
1-11; 4-11; 4-37; 4-56A; 4-58; 4-58A; 4-58A-1; 4-58B; 4-58B-1; 4-58C; 4-58C-1; 4-58D; 4-58E; 4-58F-1; 4-58F-2; 4-58G; 4-58H; 4-58H-1; 4-87C; 4-87C-1; 4-87D; 4-113; 4-124; 4-125; 4-127; 4-128; 4-147; 4-148; 5-13; 5-14; 5-14A; 5-20; 5-21; 5-38; 5-39; 5-40; 5-41; 5-42; 5-50; 5-69; 5-72; 5-78; 5-79; 5-90A; 5-93; 5-100; 5-103; 5-104; 5-105A; 5-111; 5-116; 5-116A; 5-117; 5-117A; 8-32; 8-33; 8-33B; 8-33C; 8-33D; 10-13A; 10-13B;10-17; 10-19.
¶4 The Court also accepts and authorizes the updated committee comments to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2019 Supp.)".
¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.
¶6 IT IS SO ORDERED.
¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 20th day of December, 2019.
/s/DAVID B. LEWIS, Presiding Judge
Concur in Part, Dissent in Part, Writing Attached
/s/DANA KUEHN, Vice Presiding Judge
CIP/DIP attached and also I join in Presiding Judge Lewis
/s/GARY L. LUMPKIN, Judge
/s/ROBERT L. HUDSON, Judge
/s/SCOTT ROWLAND, Judge
ATTEST:
John D. Hadden
Clerk




LEWIS, P.J., CONCURRING IN PART AND DISSENTING IN PART:
¶1 I concur in adoption of most the 2019 Supplement to the Oklahoma Uniform Jury Instructions-Criminal (2d) and commend the Committee for its work. I respectfully dissent from the adoption of the proposed text of Instruction No. 1-11. At almost 250 words, the proposed instruction is lengthy and academic, with references to the Sixth Amendment and waiver jargon that is likely to confuse jurors.
¶2 I would substitute the following eighty-three word jury instruction on the subject of self-representation and standby counsel:
[Name of Defendant] has the right to act as [his/her] own attorney. This is a proper part of the trial, and you are instructed not to let the defendant's decision to represent [himself/herself] influence your verdict. You must base your verdict on these instructions and the evidence admitted by the court. [Name of Standby Counsel] is not acting as the defendant's attorney in this case, but is standing by at the court's request to answer the defendant's questions about law and court procedures.
¶3 I am authorized to state that Vice Presiding Judge Kuehn joins in this separate writing.




KUEHN, V.P.J., CONCURRING IN PART/DISSENTING IN PART:
¶1 I concur in adopting most of the 2019 Supplement to the Oklahoma Uniform Jury Instructions -- Criminal (2d). I join Presiding Judge Lewis's separate writing concerning Instruction No. 1-11. In addition, I respectfully dissent from the adoption of the definition of Antisocial Personality Disorder contained in proposed Instruction No. 8-33D. Including this definition is potentially confusing to jurors, who are not charged with determining whether a defendant has such a disorder, but merely with determining if a defendant has already been diagnosed with such a disorder.
¶2 I also dissent to publication of the updated committee comments, insofar as they may advise or require a particular interpretation of the law. The Notes on Use and Comments are not themselves law; they are intended as useful guides for judges and practitioners in applying the Instructions. They are neither binding nor persuasive authority.




OUJI-CR 1-11
DEFENDANT'S SELF REPRESENTATION
[Name of Defendant] has decided to represent himself/herself in this trial and not to use the services of a lawyer. He/She has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he/she is guilty or not guilty.
Although the defendant has chosen to represent himself/herself, the court has appointed [Name of Standby Counsel] to assist [Name of Defendant] as standby counsel. This is a standard procedure.
The Sixth Amendment to the United States Constitution guarantees that a person charged with a crime has the right to the assistance of counsel. This Constitutional guarantee also provides that an individual charged with a crime has the right to waive representation by legal counsel, and proceed to trial representing himself/herself, and act as his/her own attorney. The defendant has elected to waive his/her right to counsel and represent himself/herself in this matter. You are not to let the fact that [Name of Defendant] has elected to represent himself/herself influence your decision in this case. Instead, you must decide this case based upon the law in the court's instructions and the evidence received during the course of the trial.
[Name of Standby Counsel] has been appointed as standby counsel to the defendant but not to act as his/her attorney in this case. The role of standby counsel is limited to answering [Name of Defendant]'s questions and providing other assistance but standby counsel will not be participating directly in the trial. In electing to represent himself/herself, the defendant has assumed the full responsibility of acting as his/her own attorney in this case and will be held to the same standards and requirements of an actual practicing attorney. Standby counsel will be available to answer [Name of Defendant]'s questions during the course of the trial but the defendant will solely make all of the decisions concerning his/her defense.
Notes on Use
The trial court should give the second paragraph if it has appointed a standby counsel for the defendant.
Committee Comments
The Oklahoma Court of Criminal Appeals emphasized in Brown v. State, 2018 OK CR 3, ¶ 48, 422 P.3d 155, 166, that "the trial court must ensure that a defendant choosing self-representation understands his rights, not only in the guilt/innocence process, but also in the sentencing process."
OUJI-CR 4-11
ASSAULT -- DEFINITION OF TRANSFERRED INTENT
If you find that the defendant intended to kill/injure/assault [Name of Intended Victim], and by mistake or accident injured/assaulted [Name of Actual Victim], the element of intent is satisfied even though the defendant did not intend to kill/injure/assault [Name of Actual Victim]. In such a case, the law regards the intent as transferred from the original intended victim to the actual victim.
Notes on Use
This instruction should be given only if warranted by the evidence. The trial court should delete alternatives in the instruction that do not apply to the particular facts of the case. If used, it should be given immediately after the instruction on mens rea. For homicide prosecutions, see OUJI-CR 4-62, infra. 
Committee Comments
For a description of the doctrine of transferred intent, see W. LaFave & A. Scott, Criminal Law § 3.12(d) (2d ed. 1986). The Oklahoma Court of Criminal Appeals approved a jury instruction on transferred intent in an assault case in Jones v. State, 1973 OK CR 151, ¶ 6, 508 P.2d 280, 282 (Okl. Cr. 1973). The Oklahoma Court of Criminal Appeals ruled in Runnels v. State, 2018 OK CR 27, ¶ 21, 426 P.3d 614, 620, that the doctrine of transferred intent did not permit a jury to find an intent to kill the actual victim based upon an intent to injure or assault an intended victim. Instead, the intent to kill the actual victim may only be based upon an intent to kill an intended victim. 
OUJI-CR 4-37
NEGLECT OF CHILD - ELEMENTS
No person may be convicted of neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, a person responsible for the child's health, safety, or welfare;
Second
, willfully/maliciously; 
[Third, failed/omitted to provide;
Fourth, adequate (nurturance and affection)/food/clothing/shelter /sanitation/hygiene)/(appropriate education)/(medical/dental/(behavioral health) care/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);
Fifth, for a child under the age of eighteen.]
OR
[Third, failed/omitted to protect;
Fourth, a child under the age of eighteen from exposure to;
Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]
OR
[Third, abandoned; 
Fourth, a child under the age of eighteen.]
______________________________
Statutory Authority: 21 O.S. Supp. 2014 2019, § 843.5(C), 10A O.S. Supp. 2014 2019, § 1-1-105(47 48).
Committee Comments
The Committee believes some restriction on the scope of child neglect under 21 O.S. Supp. 2014 2019, § 843.5(C) and 10A O.S. Supp. 2014 2019, § 1-1-105(47 48) is necessary because otherwise a person would be in violation of the statute for failing to provide food or shelter to a child that the person had never met. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the health, safety, and welfare of such children." 10A O.S. Supp. 2014 2019, § 1-1-102(A)(3). Accordingly, the Committee has decided that the scope of child neglect should be restricted to persons responsible for the child's health or safety, as defined in 10A O.S. Supp. 2014 2019, § 1-1-105(51 52). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution. 
The crime of omission to provide for a child is governed by 21 O.S. 2011, § 852(A). See OUJI-CR 4-40A, infra. Its elements are similar to the elements for child neglect, but in contrast to child neglect, omission to provide for a child is a misdemeanor. Unlike child neglect, omission to provide for a child includes willful omission to furnish monetary child support or the payment of court-ordered day care or medical insurance costs. 
In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."
OUJI-CR 4-56A
LOITERING BY A PERSON REQUIRED TO REGISTER AS A SEX OFFENDER -- ELEMENTS 
No person may be convicted of loitering by a person required to register as a sex offender unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] was convicted of a crime that required him/her to register as a sex offender; and
Second, while required to register as a sex offender he/she knowingly;
Third, was loitering within 500 feet of a/an [elementary/(junior high)/high school]/[permitted/licensed child care facility]/park/playground.
OR
Third, was loitering within 1,000 feet of the residence of the victim of the sex crime for which [Name of Defendant] was convicted.
Loitering means to stand around or move slowly about; to spend time idly; to saunter; to delay; to linger; to lag behind.
[Loitering does not include:
(A (custodial parent)/(legal guardian) of a student enrolled at the school/(child care facility) who is enrolling/delivering/retrieving the student at the school/(child care facility) [during regular school/facility hours]/[for (school-sanctioned)/(child-care-facility-sanctioned) extracurricular activities].
OR
(A person receiving medical treatment at a hospital/(a facility certified/ licensed by the State of Oklahoma to provide medical services), unless it is any form of psychological, social or rehabilitative counseling services or treatment programs for sex offenders).
OR
(A person attending a recognized church/(religious denomination) for worship if he/she has notified the religious leader of his/her status as a registered sex offender and he/she was granted written permission by the religious leader).]
______________________________
Statutory Authority: 21 O.S. Supp. 2017 2019, § 1125.
Notes on Use
The trial judge should use the bracketed exceptions at the end of the instructions only if they are supported by the evidence. This Instruction should be modified as appropriate, if the defendant was convicted in another jurisdiction of an offense which would require registration if the defendant had been convicted in Oklahoma of that offense. See 21 O.S. Supp. 2017 2019, § 1125(A)(1). 
Committee Comments
The Oklahoma Court of Criminal Appeals held that 21 O.S. Supp. 2010, § 1125 was not unconstitutionally vague in Weeks v. State, 2015 OK CR 16, ¶¶ 20-26, 362 P.3d 650, 656-57, and Engles v. State, 2015 OK CR 17, ¶ 6, 366 P.3d 311, 314. In Weeks, the Court of Criminal Appeals distinguished two of its previous decisions in which anti-loitering ordinances in Oklahoma City and Tulsa had been struck down on the ground that they were unconstitutionally vague. The Court explained that in contrast to the anti-loitering ordinances in its previous decisions, § 1125 includes exemptions that provide guidance as to what is and what is not prohibited and "the statute clearly defines the prohibited conduct through reference to the only conduct that is permitted." Weeks v. State, 2015 OK CR 16, ¶ 26, 362 P.3d 657. Similarly, in Engles, the Court decided that the exemptions in § 1125 avoided unconstitutional vagueness. The Court held: "By operation of these specific statutory exemptions, any sex offender convicted of a registerable offense involving a victim under thirteen, who is present in the zone of safety without a statutory exemption and the required prior notice to administrators is, by definition, loitering in violation of the law." 2015 OK CR 17, ¶ 6, 366 P.3d 311, 314 (emphasis in original).
OUJI-CR 4-58
(This Instruction is Intentionally Blank)
OUJI-CR 4-58A
TRAFFICKING IN CHILDREN -- ELEMENTS
(COMPENSATION FOR ADOPTIONS)
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] knowingly accepted/solicited/offered/paid/ transferred any compensation in money/property/(anything of value);
Second, in connection with the (acquisition/transfer of the legal/physical custody)/adoption of a minor child.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(a); 10 O.S. Supp. 2017 2019, § 7505-3.2.
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(a). 
The statute provides exceptions for certain costs and expenses, and OUJI-CR 4-58A-1 covers these costs and expenses as an affirmative defense to the crime. 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
OUJI-CR 4-58A-1
TRAFFICKING IN CHILDREN-- AFFIRMATIVE DEFENSE 
FOR COURT APPROVED COSTS AND EXPENSES 
(COMPENSATION FOR ADOPTIONS)
[Name of Defendant] has asserted as a defense to the charge of trafficking in children that the following expenses have been approved by the Court and/or authorized by law: [Specify the applicable costs and expenses ordered by the Court or provided in 10 O.S. 2017 2019, § 7505-3.2]. The State has the burden of proving beyond a reasonable doubt that the expenses were not approved by the Court and/or were not authorized by law.
OUJI-CR 4-58B
TRAFFICKING IN CHILDREN-- ELEMENTS (ACCEPTING COMPENSATION BY OTHERS BESIDES CHILD-PLACING AGENCIES AND ATTORNEYS) 
No person/organization may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] knowingly accepted/solicited any compensation in money/property/(anything of value);
Second, for services performed/rendered/(purported to be performed) to facilitate/assist in the adoption/(foster care placement) of a minor child.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(b).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(b). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
OUJI-CR 4-58B-1
TRAFFICKING IN CHILDREN-- AFFIRMATIVE DEFENSE 
FOR CHILD-PLACING AGENCIES AND ATTORNEYS
(ACCEPTING COMPENSATION FOR ADOPTIONS)
[Name of Defendant] has asserted as a defense to the charge of trafficking in children that he/she/it was (the Department of Human Services)/( a child-placing agency licensed in Oklahoma under the Oklahoma Child Care Facilities Licensing Act)/(an attorney authorized to practice law in Oklahoma)/(an attorney licensed to practice law in a state other than Oklahoma who is working with an attorney licensed in Oklahoma)/(an out-of-state licensed child-placing agency that was working with a child-placing agency licensed in Oklahoma which was providing [adoption services]/[services necessary for placing a child in an adoptive arrangement]). The State has the burden of proving beyond a reasonable doubt that [Name of Defendant] was not (the Department of Human Services)/( a child-placing agency licensed in Oklahoma under the Oklahoma Child Care Facilities Licensing Act)/(an attorney authorized to practice law in Oklahoma)/(an attorney licensed to practice law in a state other than Oklahoma who is working with an attorney licensed in Oklahoma)/(an out-of-state licensed child-placing agency that was working with a child-placing agency licensed in Oklahoma which was providing [adoption services]/[services necessary for placing a child in an adoptive arrangement]).
OUJI-CR 4-58C
TRAFFICKING IN CHILDREN-- ELEMENTS 
(BRINGING CHILD INTO STATE OR SENDING OUT OF STATE) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] knowingly brought/(caused to be brought)/sent/(caused to be sent) a child into/(out of) Oklahoma;
Second, for the purpose of placing the child (in a foster home)/(for adoption); and
Third, refused afterwards to comply upon request with the Interstate Compact on the Placement of Children.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(c).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(c). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
OUJI-CR 4-58C-1
TRAFFICKING IN CHILDREN-- AFFIRMATIVE DEFENSE 
FOR PARENTS AND GUARDIANS
(BRINGING CHILD INTO STATE OR SENDING OUT OF STATE) 
[Name of Defendant] has asserted as a defense to the charge of trafficking in children that he/she (was the parent/guardian of the child)/(brought the child into Oklahoma for the purpose of adopting the child into [Name of Defendant]'s own family). The State has the burden of proving beyond a reasonable doubt that [Name of Defendant] (was not the parent/guardian of the child)/(did not bring the child into Oklahoma for the purpose of adopting the child into [Name of Defendant]'s own family).
_
OUJI-CR 4-58D
TRAFFICKING IN CHILDREN-- ELEMENTS 
(RECEIVING MONEY FOR ADOPTION WITH NO INTENT TO CONSENT TO ADOPTION) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] is the birth parent of a child; and
Second, [Name of Defendant] knowingly solicited/received money/(anything of value) for expenses related to the placement of a child for the purpose of an adoption;
Third, when [Name of Defendant] had no intent to consent to eventual adoption.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(d).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(d). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself)._
OUJI-CR 4-58E
TRAFFICKING IN CHILDREN -- ELEMENTS 
(RECEIVING MONEY FOR ADOPTION WHEN NOT PREGNANT) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] is a woman who knowingly solicited/received money/(anything of value) for expenses related to the placement of a child for the purpose of an adoption; and
Second, [Name of Defendant] held herself out to be pregnant and offered to place a child upon birth for adoption;
Third, when she knew she was not pregnant.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(e).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(e). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
_
OUJI-CR 4-58F-1
TRAFFICKING IN CHILDREN-- ELEMENTS 
(RECEIVING MONEY FOR ADOPTION WITHOUT DISCLOSURE TO OTHER PERSONS) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] was a/an (birth parent)/(child-placing agency)/attorney;
Second, who knowingly received money/(anything of value) for expenses related to the placement of a child for the purpose of an adoption;
Third, and [Name of Defendant] did not disclose to each prospective adoptive parent, child-placing agency, and attorney the receipt of the money/(anything of value) immediately upon receipt.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(f)(1).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(f)(1). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
_
OUJI-CR 4-58F-2
TRAFFICKING IN CHILDREN-- ELEMENTS 
(RECEIVING MONEY FROM MORE THAN ONE ADOPTIVE FAMILY) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] was a/an (birth parent)/(child-placing agency)/attorney;
Second, who knowingly received/solicited money/(anything of value) for expenses related to the placement of a child for the purpose of the adoption of one child;
Third, from more than one prospective adoptive family.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(f)(2).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(f)(2). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
_
OUJI-CR 4-58G
TRAFFICKING IN CHILDREN-- ELEMENTS 
(ADVERTISING FOR ADOPTIONS) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] was not (the Department of Human Services)/(a child-placing agency licensed in Oklahoma)/(an attorney authorized to practice law in Oklahoma); and
Second, [Name of Defendant] knowingly advertised for (services for compensation to [assist with]/effect the placement of a child for adoption/[care in a foster home])/(legal services related to the adoption of children).
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(g).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(g). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
_
OUJI-CR 4-58H
TRAFFICKING IN CHILDREN-- ELEMENTS 
(ADVERTISING FOR PLACING CHILD FOR ADOPTION) 
No person may be convicted of trafficking in children unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, [Name of Defendant] was not (a child-placing agency licensed in Oklahoma)/(attorney authorized to practice law in Oklahoma); and
Second, [Name of Defendant] knowingly advertised for and solicited a pregnant woman to induce her to place her child upon birth for adoption.
________________________
Statutory Authority: 21 O.S. 2011, § 866(A)(1)(h).
Notes on Use
This Instruction covers the crime of trafficking in children as set forth in 21 O.S. 2011, § 866(A)(1)(h). 
Committee Comments
Although the publisher of the Oklahoma Statutes added the heading for 21 O.S. 2011, § 866 "Elements of offense", the Oklahoma Session Laws do not include this heading, and it is not part of Oklahoma law. See Fairchild v. State, 1999 OK CR 49, ¶ 60, 998 P.2d 611, 624 (publisher's heading has no legal significance because it is not part of the statute); Hall v. State, 1957 OK CR 56, ¶ 5, 312 P.2d 981, 983-84 (titles or headings added by publisher after enactment for index purposes or identification are not in the law itself).
_
OUJI-CR 4-58H-1
TRAFFICKING IN CHILDREN-- AFFIRMATIVE DEFENSE 
FOR FAVORABLE PREPLACEMENT HOME STUDY RECOMMENDATION
[Name of Defendant] has asserted as a defense to the charge of trafficking in children that [Name of Defendant] has received a favorable preplacement home study recommendation to locate a child into his/her own home and [Name of Defendant] has not offered any money/(thing of value) to induce the pregnant woman to place the child into his/her home other than the following expenses that have been approved by the Court and/or authorized by law: [Specify the applicable costs and expenses ordered by the Court or provided in 10 O.S. 2017, § 7505-3.2]. The State has the burden of proving beyond a reasonable doubt that the expenses were not approved by the Court and/or were not authorized by law.
OUJI-CR 4-87C
LIFE WITHOUT PAROLE PROCEEDINGS - JUVENILE OFFENDER
Should you unanimously find that the State has proven the Defendant is irreparably corrupt and permanently incorrigible beyond a reasonable doubt, you are authorized to consider, but not required to impose, a sentence of life without the possibility of parole. If you do not unanimously find beyond a reasonable doubt that the State has proven the Defendant is irreparably corrupt and permanently incorrigible, you are prohibited from considering a sentence of life without the possibility of parole. In that event, the sentence must be imprisonment for life with the possibility of parole.
Committee Comments
The Oklahoma Court of Criminal Appeals directed use of this Instruction and the Verdict Form in OUJI-CR 4-87D pending Legislative action in Stevens v. State, 2018 OK CR 11, ¶ 34, 422 P.3d 741, 750. 
_
OUJI-CR 4-87C-1
LIFE WITHOUT PAROLE PROCEEDINGS - 
JUVENILES -- DEFINITIONS
Irreparably Corrupt -- No meaningful possibility exists that rehabilitation will make the defendant fit to reenter society.
Permanent Incorrigibility -- Serious misbehavior that proves defendant is the rare juvenile who has shown an inability to reform and will forever be a danger to society because of his total indifference to the life and safety of others.
Transient Immaturity -- The defendant's conduct was the result of temporary youth-related factors, such as chronological age, immaturity, impetuosity, and a failure to appreciate risks and consequences that suggest a possibility of rehabilitation.
Committee Comments
These definitions are derived from Montgomery v. Louisiana, 136 S.Ct. 718 (2016); Miller v. Alabama, 567 U.S. 460 (2012); Graham v. Florida, 560 U.S. 48 (2010); Stevens v. State, 2018 OK CR 11, ¶ 2, 422 P.3d 741, 752 (Hudson, J., concurring); and Luna v. State, 2016 OK CR 27, 387 P.3d 956.
_
OUJI-CR 4-87D
LIFE WITHOUT PAROLE PROCEEDINGS - JUVENILE OFFENDER
VERDICT FORM
IN THE DISTRICT COURT OF THE ____ JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR ______ COUNTY
The State of Oklahoma )
)
Plaintiff, )
)
vs. )
) Case No. ______
JOHN DOE, )
) 
Defendant. )
VERDICT
COUNT 1 -- [CRIME CHARGED]
We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:
[Check and complete only one.]
______ the Defendant is irreparably corrupt and permanently incorrigible and sentence the Defendant to ________________________________________.
______ Defendant is not irreparably corrupt and permanently incorrigible and sentence the Defendant to life with the possibility of parole.
________________________
FOREPERSON
OUJI-CR 4-113
CHILD STEALING - ELEMENTS
No person may be convicted of child stealing unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, maliciously/forcibly/fraudulently;
Second, taking/enticing away;
Third, a child under the age of twelve sixteen;
[Fourth, with the intent to detain or conceal the child;
Fifth, and with the intent to conceal; 
Sixth, Fifth, from the person having legal custody parent, guardian or other person having the lawful charge of the child.]
OR
[Fourth, with the intent to transport the child outside of Oklahoma/(the United States);
Fifth, without the consent of the person having legal custody lawful charge of the child.]
______________________________
Statutory Authority: 21 O.S. 2001 2011, § 891.
Committee Comments
Oklahoma appellate cases involving the crime of child stealing include Shinn v. State, 1925 OK CR 442 31 Okl. Cr. 366, 239 P. 269, 31 Okl. Cr. 366 (1925), which reversed a conviction for lack of evidence and Wilkins v. State, 1999 OK CR 27, 985 P.2d 184, which upheld the statute against constitutional attacks of vagueness and overbreadth. 
This crime generally involves a fact situation concerning a dispute over custody of a child between divorced parents, or between parents and grandparents. The crimes of kidnapping under either sections 741 or 745(A) are probably not committed in these situations because the parent or grandparent does not possess the specific intent required by those sections. Moreover, the crime of child stealing is much broader in its protection of parental or other legal custodial authority than is the crime of abduction. See generally R. Perkins, Criminal Law 181-82 (2d ed. 1969). 
_
OUJI-CR 4-124
RAPE IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of rape in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, sexual intercourse;
Second, with a person who is not the spouse of the defendant [and who may be of the same sex as the defendant];
[Third, where the victim was under the age of sixteen].
OR
[Third, where the victim was under the belief induced by the defendant that the victim was having intercourse with his/her spouse].
OR
[Third, where the victim was under the legal custody/supervision;
Fourth, of a (state/federal agency)/county/municipality/(political subdivision); and
Fifth, the defendant was an employee/(employee of a [subcontractor of a] contractor of)/the (state/federal agency)/county/municipality/(political subdivision) that exercised authority over the victim;].
OR
[Third, where the victim was between sixteen and twenty years of age;
Fourth, the victim was a student/(under the legal custody/supervision) of a/an (elementary/secondary school)/(junior high)/high/(public vocational) school;
Fifth, the defendant was eighteen years of age or older; and
Sixth, the defendant was an employee of the victim's school system].
OR
Third, where the victim was nineteen years of age or younger; and
Fourth, in the legal custody of a (state/federal agency)/(tribal court); and
Fifth, the defendant was a (foster parent)/(foster parent applicant).
OR 
[Fourth, where the victim was at least sixteen years of age but less than eighteen years of age; and
Fifth, the defendant was a person responsible for the victim's health, safety or welfare].
A person responsible for a child's health, safety or welfare includes, but is not limited to [Select applicable type of person]: a/an parent/(legal guardian)/custodian/(foster parent)/(person living with the child's parent and is eighteen years of age or older)/(adult residing in the child's home)/ (agent/employee of a public/private (residential home/institution/facility)/(day treatment program)/(owner/operator/employee of a child care facility).
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
______________________________
Statutory Authority: 21 O.S. Supp. 2015 2019, § 1111, 21 O.S. 2011, § 1114.
Notes on Use
The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence.
Committee Comments
In all instances, the statutory age under which a victim is legally incapable of consenting to sexual intercourse is 16, section 1111(A)(1). If a defense under section 1112 is unavailable, sexual intercourse with a person under 16 years of age is at least rape in the second degree, although if the victim is under 14 years of age, rape in the first degree is a possible charge. Even if the proof establishes that the victim is 13 years of age, a prosecution and conviction for rape in the second degree is proper because rape in the second degree is a lesser included offense of rape in the first degree. Hence, the first alternative in the third element simply indicates a victim under 16 years of age.
The other alternatives in the third element constitute, in fact or by law, sexual intercourse without the consent of the victim.
The age of the defendant is not an element of the crime of second-degree rape. If the prosecutor is uncertain whether it can be proved that the defendant has attained the age of 18, he/she can charge the defendant with second-degree rape and the conviction would be upheld although it is established that the defendant is over 18. Brasel v. State, 1929 OK CR 216, 291 P. 807, 48 Okl. Cr. 403. The age of the defendant may become relevant as a defense, however, under section 1112, if the victim is over 14 years of age and consents, and the defendant is under 18 years of age.
Oklahoma's rape shield law, 12 O.S. 2011, § 2412, limits the use of evidence of the sexual behavior of the victim in prosecutions for sexual offenses.
_ 
OUJI-CR 4-125
RAPE BY INSTRUMENTATION IN THE FIRST DEGREE - ELEMENTS
No person may be convicted of rape by instrumentation in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, the person penetrated the anus/vagina;
Second, of any victim;
Third, with (an inanimate object)/(a part of the human body other than the penis); and
Fourth, without the victim's consent; and
Fifth, resulting in bodily harm; and
Sixth Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the person was eighteen years of age or older;
Second, the person was an employee of the victim's school system; and
Third, the person penetrated the anus/vagina;
Fourth, of a student /(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high) /high/(public vocational) school;
Fifth, who was at least sixteen years of age and less than twenty years of age;
Sixth, with (an inanimate object)/(a part of the human body other than the penis).
Sixth, resulting in bodily harm.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision); and
Second, who penetrated the anus/vagina;
Third, of a person who was under the legal custody/supervision;
Fourth, of the (state/federal agency)/county/municipality/(political subdivision) that employed the defendant;
Fifth, with (an inanimate object)/(a part of the human body other than the penis); 
Fifth, resulting in bodily harm.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the defendant was a (foster parent)/(foster parent applicant);
Second, who penetrated the anus/vagina;
Third, of a person who was nineteen years of age or younger;
Fourth, with (an inanimate object)/(a part of the human body other than the penis); 
Fifth, when the person was in the legal custody of a (state/federal agency)/(tribal court). 
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
______________________________
Statutory Authority: 21 O.S. 2011 & Supp. 2019, §§ 1111.1, 1113, 1114.
Notes on Use
This Instruction should be used for crimes committed on or after November 1, 2017. If the victim is a minor, OUJI-CR 4-138A must be given.
Committee Comments
The first alternative in this Instruction requires a specification of the circumstances from 21 O.S. 2011, § 1111, while the other alternatives are for the circumstances in 21 O.S. Supp. 2019, § 1111.1, where consent is not an element.
OUJI-CR 4-127
RAPE BY INSTRUMENTATION
IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of rape by instrumentation in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, the person penetrated the anus/vagina;
Second, of any victim;
Third, with (an inanimate object)/(a part of the human body other than the penis);
Fourth, without the victim's consent;
Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the person was eighteen years of age or older; and
Second, the person was an employee of the victim's school system; and
Third, who penetrated the anus/vagina;
Fourth, of a student/(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high)/high/(public vocational) school;
Fifth, who was at least sixteen years of age and less than twenty years of age.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision); and
Second, who penetrated the anus/vagina;
Third, of a person who was under the legal custody/supervision;
Fourth, of the (state/federal agency)/county/municipality/(political subdivision) that employed the defendant.
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
OR
First, the defendant was a (foster parent)/(foster parent applicant);
Second, who penetrated the anus/vagina;
Third, of a person who was nineteen years of age or younger;
Fourth, when the person was in the legal custody of a (state/federal agency)/(tribal court).
Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.
______________________________
Statutory Authority: 21 O.S. Supp. 2015, § 1111.1, 21 O.S. 2011, §§ 1113, 1114.
Committee Comments
This Instruction should not be used for crimes after November 1, 2017. The crime of rape by instrumentation 21 O.S. 2011 Supp. 2015, § 1111.1, does not fall within the common law definition of rape. R. Perkins, Criminal Law 152 (2d ed. 1969). Before section 1111.1 was adopted in 1981, the acts constituting this crime would have fallen within the assault and battery crimes. Since section 1111.1 creates a specific crime covering acts falling within its purview, the State should charge under this specific statute rather than the general assault and battery statutes. 21 O.S. 2011, § 11.
Most elements of rape by instrumentation are self-explanatory. In reference to the first element, note that penetration of the mouth is not included within this offense. Such a forcible act would, however, be covered by the crime against nature/forcible sodomy statutes, 21 O.S. 2011, §§ 886, 888. "Any sexual penetration, however slight, is sufficient to complete this crime." 21 O.S. 2011, § 1113.
The second element, "of another person," means just what it states. Under section 1111.1, spousal "rape" is specifically recognized. The Commission has concluded that the language "of another person," when used in conjunction with "penetration of the anus or vagina," means that a male can "rape" a male and a female can "rape" a female by instrumentation.
_
OUJI-CR 4-128
FORCIBLE SODOMY -- ELEMENTS
No person may be convicted of forcible oral sodomy unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, penetration;
Second, of the mouth/vagina of the defendant/victim;
Third
, by the mouth/penis of the defendant/victim;
[Fourth, which is accomplished by means of force or violence, or threats of force or violence that are accompanied by the apparent power of execution.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, by a person over the age of eighteen on a child under the age of sixteen.]
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, committed by a state/county/municipal/ (political subdivision) employee/contractor/[employee of a [subcontractor of a] contractor of (the state)/ (a county/municipality/(political subdivision of Oklahoma)] upon a person who was under the legal custody, supervision or authority of a (state agency)/county/ municipality/(political subdivision) of Oklahoma.
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, where the victim was at least sixteen but less than twenty years of age;
Fifth, the victim was a student of a (secondary school)/(junior high)/ high/(public vocational) school;
Sixth
, the defendant was eighteen years of age or older; and 
Seventh, the defendant was an employee of the victim's school system].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, where the victim was at the time unconscious of the nature of the act and this fact was/(should have been) known by the defendant].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR
[Fourth, where the victim was intoxicated by a/an narcotic/(anesthetic agent);
Fifth, (given by)/(with the knowledge of) the defendant;
Sixth, as a means of forcing the victim to submit].
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
OR 
[Fourth, where the victim was at least sixteen years of age but less than eighteen years of age; and
Fifth, the defendant was a person responsible for the victim's health, safety or welfare].
A person responsible for a child's health, safety or welfare includes, but is not limited to [Select applicable type of person]: a/an parent/(legal guardian)/custodian/(foster parent)/(person living with the child's parent and is eighteen years of age or older)/(adult residing in the child's home)/ (agent/employee of a public/private)/(residential home/institution/facility)/(day treatment program)/(owner/operator/employee of a child care facility).
You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.
______________________________
Statutory Authority: 21 O.S. 2011 & Supp. 2016 2019, §§ 886 - 888.
Notes on Use
This instruction is intended for use in forcible oral sodomy cases under 21 O.S. 2011 & Supp. 2016 2019, § 888. It does not cover forcible anal sodomy, which constitutes the crime of rape and is covered by OUJI-CR 4-119 through 4-127.
The trial court should select the Fourth Element that is supported by the evidence. The Fourth Element should not be included for prosecutions under 21 O.S. 2011, § 886.
The trial judge should pay particular attention to making sure the Second and Third Elements conform to the evidence at trial. In Collins v. State, 2009 OK CR 32 n.11, 223 P.3d 1014, 1018 n.11, the Court of Criminal Appeals stated that:
[I]n cases involving separate counts of forcible oral sodomy, where the crimes alleged involve different factual theories, it is advisable to instruct the jury with separate instructions. In particular, such instructions should make clear whether the crime alleged is forcing the victim to perform oral sex on the perpetrator (penetration of the mouth of the victim by the penis of the defendant) or forcing the victim to endure oral sex performed by the perpetrator (penetration of the vagina of the victim by the mouth of the defendant). 
In addition, in the Second and Third Elements, the trial judge should not select the options of penetration of the vagina of the victim by the penis of the defendant, because that would constitute rape, and the appropriate instruction for rape should be used instead.
Committee Comments
Oklahoma has two sodomy statutes, 21 O.S. 2011 & Supp. 2016 2019, §§ 886, 888. Force is not an element of sodomy under 21 O.S. 2011, § 886. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. Proof of force is required under 21 O.S. 2011 Supp. 2019, § 888, however, unless the victim was under 16 years of age, unconscious, intoxicated, or mentally ill, or the sodomy was committed by a state employee or contractor upon a person in the custody of a political subdivision of the State. 
Section 886 has been held not to be unconstitutionally vague. Golden v. State, 1985 OK CR 9, ¶ 4, 695 P.2d 6, 7. However, in Post v. State, 1986 OK CR 30, ¶¶ 11-12, 715 P.2d 1105, 1109-10, the Oklahoma Court of Criminal Appeals declared it unconstitutional as violative of the right to privacy if applied to private consensual heterosexual activity. Accordingly, the jury should receive an instruction on the defense of consent in such cases if there is evidence of consent presented. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. In Garcia v. State, 1995 OK CR 85, ¶ 4, 904 P.2d 144, 145, the Court of Criminal Appeals ruled that it was error for the trial court to give an instruction for non-forcible sodomy (21 O.S. 2011, § 886) as a lesser included offense of forcible sodomy (21 O.S. 2011 & Supp. 2016 2019, § 888), where the charge involved heterosexual activity and the defendant raised the defense of consent. 
Penetration is required under 21 O.S. 2001, § 887. Salyers v. State, 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. Corroboration of the victim's testimony is not required unless "the victim's testimony is so incredible or has been so thoroughly impeached that a reviewing court must say that the testimony is clearly unworthy of belief." Salyer v. State, 1999 OK CR 184, ¶ 22, 761 P.2d 890, 895. 
_ 
OUJI-CR 4-147
ABUSE [BY CARETAKER] OF A PERSON ENTRUSTED TO ONE'S CARE - ELEMENTS
No person may be convicted of abuse of a person entrusted to one's care unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, a caretaker/person;
[Second, abused/(financially neglected)/neglected/(sexually abused)/exploited;
Third, another person who was entrusted to his/her care].
OR
[First, a person knowingly caused/permitted another person who was entrusted to his/her care;
Second, to be abused/(financial neglect financially neglected)/neglected/(sexually abused)/exploited].
[Note - Use only if applicable: You are further instructed that consent shall not be a defense to this crime.]
______________________________
Statutory Authority: 21 O.S. 2011, § 843.1.
Notes on Use
Under 43A O.S. 2011 Supp. 2019, § 10-103(B), good faith use of spiritual means for treatment shall not be abuse or neglect if in accordance with practices of a recognized church or the express consent of the vulnerable adult. For a prosecution for caretaker abuse, see the definitions of caretaker and vulnerable adult in OUJI-CR 4-148, infra.
Committee Comments
The Committee did not include an option for "secure," because it is covered by "cause".
_ 
OUJI-CR 4-148
ABUSE BY CARETAKER/(OTHER PERSON) - DEFINITIONS
Abuse -- Causing/permitting the [infliction of (physical pain)/injury/ (sexual abuse)/(sexual exploitation)/(unreasonable restraint/confinement)/ (mental anguish)]/[deprivation of nutrition/clothing/shelter/(health care)/care/ services without which serious physical/mental injury is likely to occur to a vulnerable adult by a caretaker/(person providing services to a vulnerable adult)].
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(8).
Vulnerable Adult -- An incapacitated person or an individual who, because of physical or mental disability, including persons with Alzheimer's disease or other dementias, incapacity or other disability, is substantially impaired in his/her ability to provide adequately for his/her own care or custody, or is unable to manage his/her property and financial affairs effectively, or to meet essential requirements for mental or physical health or safety, or to protect himself/herself from abuse, verbal abuse, neglect, or exploitation without assistance from others.
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(5).
Caretaker -- A person who has [the responsibility for the (care of a vulnerable adult)/(financial management of the resources of a vulnerable adult as a result of a family relationship)]/[assumed the responsibility for the care of a vulnerable adult voluntarily/(by contract)/(as a result of the ties of friendship)]/[been appointed a guardian/ (limited guardian)/ conservator under the Oklahoma Guardianship and Conservatorship Act].
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(6).
Elderly Person -- A person who is sixty-two years of age or older.
Reference: 22 O.S. 2011, § 991a-15.
Exploitation -- An unjust or improper use of the resources of a vulnerable adult for the profit or advantage, pecuniary or otherwise, of another person through the use of (undue influence) /coercion /harassment/duress/deception/ (false representation /pretense).
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(9).
Incapacitated Person -- Any (person eighteen (18) years of age or older who is impaired by reason of mental or physical illness or disability, dementia or related disease, mental retardation, developmental disability or other cause and whose ability to receive and evaluate information effectively or to make and to communicate responsible decisions is impaired to such an extent that he/she lacks the capacity to manage his/her financial resources or to meet essential requirements for his/her mental or physical health or safety without assistance)/(person for whom a guardian/(limited guardian)/conservator has been appointed pursuant to the Oklahoma Guardianship and Conservatorship Act).
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(4).
Neglect -- [The failure to provide protection for a vulnerable adult who is unable to protect his/her own interest]/[the failure to provide a vulnerable adult with adequate shelter/nutrition/(health care)/clothing]/[negligent acts/omissions that result in harm/(the unreasonable risk of harm) to a vulnerable adult through the action/inaction/(lack of supervision) by a caretaker providing direct services].
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(11).
Financial Neglect -- repeated instances by a caretaker/(any person, who has assumed the role of financial management) of failure to use the resources available to restore/maintain the health and physical well-being of a vulnerable adult, including, but not limited to [Select applicable subparagraph]:
a. squandering/(negligently mismanaging) the money/property/accounts of a vulnerable adult,
b. refusing to pay for necessities/utilities in a timely manner, or
c. providing substandard care to a vulnerable adult despite the availability of adequate financial resources.
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(10).
Sexual Abuse - [(Oral/Anal/Vaginal penetration of a vulnerable adult by/through the union with the sexual organ of a caretaker/(person providing direct services to the vulnerable adult)]/[anal/vaginal penetration of a vulnerable adult by a caretaker/(person providing direct services to the vulnerable adult) with any object]/[The touching/feeling of the body/(private parts) of a vulnerable adult for the purpose of sexual gratification by a caretaker/(person providing direct services to the vulnerable adult)]/[Indecent exposure by a caretaker/(person providing direct services to a vulnerable adult)].
Reference: 43A O.S. 2011 Supp. 2019, § 10-103(12).
Verbal Abuse - The repeated use by a caretaker of words/sounds/ language/actions/behaviors/(forms of communication) that are calculated to humiliate/intimidate/(cause fear/embarrassment/shame/degradation to) the person entrusted to the care of the caretaker.
Reference: 21 O.S. 2011, § 843.2(B) 43A O.S. Supp. 2019, § 10-103(16).
_
OUJI-CR 5-13 
BURGLARY IN THE SECOND DEGREE - ELEMENTS
No person may be convicted of burglary in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, breaking;
Second, entering;
Third, a/an (dwelling house where no human being was present at the time)/(commercial building)/(any part of a building) /room/booth/tent/ (railroad car)/ automobile/truck/trailer/ vessel/ structure/erection;
Fourth, of another;
Fifth, in which property is kept;
Sixth, with the intent to steal/(commit any felony).
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1435 (A).
Committee Comments
The elements of second-degree burglary are presented clearly by the statute. The statute also seems to indicate that two mental states, intent to steal and intent to commit any felony, are appropriate mens rea elements for conviction. Hence, the Commission has included the mental states alternatively to permit the trial judge to charge with respect to the appropriate mental state under the facts of the case. Please realize that facts may indicate that one or the other, or both, mental states might have existed, and the court may need to give both mens rea elements in this instruction. 
In contrast to section 1431, the second-degree burglary statute does not specify that ownership or possession of the structure, vehicle, or other device upon which a breaking and entering is perpetrated must be vested in another. The Commission has concluded, however, that since at common law the proscription of burglary was intended to safeguard possessory rights, R. Perkins, Criminal Law 206 (2d ed. 1969), a right of entry negates the possibility of prosecution for burglary. Although no Oklahoma cases have addressed this question, the Supreme Court of California, in construing a statute defining as burglary the entering into any dwelling, held that a right of entry to an apartment dispels the possibility of prosecution for burglary when one cotenant forcibly entered the apartment for the purpose of feloniously assaulting another cotenant. In reversing the defendant's conviction of burglary, the court observed: 
To hold otherwise could lead to potentially absurd results. If a person can be convicted for burglarizing his own home, he could violate [the burglary statute] by calmly entering his own house with intent to forge a check. A narcotics addict could be convicted of burglary by walking into his house to administer a dose of heroin to himself. Since a burglary is committed upon entry, both could be convicted even if they changed their minds and did not commit the intended crimes. 
People v. Gauze
, 125 Cal. Rptr. 773, 777, 542 P.2d 1365, 1369 (1975). 
Similarly absurd results would obtain under section 1435 absent the qualification "of another." A person could be convicted of second-degree burglary for entering his own store in order to engage in a narcotics transaction, or for entering his own automobile or boat for purposes of forging an instrument. 
_
OUJI-CR 5-14 
BURGLARY IN THE SECOND DEGREE 
(VENDING MACHINES) - ELEMENTS
No person may be convicted of burglary in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, breaking;
Second, a (coin operated)/vending machine/device;
Third, of another;
Fourth, with the intent to steal/(commit any felony).
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1435 (A).
Committee Comments
In the opinion of the Commission, section 1435 creates a separate crime with different elements, still called burglary in the second degree, when the place burglarized is a vending machine. The Commission has concluded that "breaks into" is synonymous with "forcibly opens" so that the language indicates only one element. The Commission has also decided that "breaks into and forcibly opens" does not imply an "entry" as a separate element of the crime. The Commission has concluded that the court would decide that "breaks into or forcibly opens" means the use of force, however slight, to remove an obstruction to entry, Matthews v. State, 1975 OK CR 4, ¶ 18, 530 P.2d 1044, 1047 (Okl. Cr. 1975) (coinbox washing machine coin box opened with key); Hudson v. State, 1974 OK CR 161, ¶ 12, 525 P.2d 1380, 1382-83 (Okl. Cr. 1974) (same), but that actually reaching inside the machine to fetch the contents or money is not an element of the crime. The Commission has reached this conclusion because the other crime created by section 1435 has the specific language "breaks and enters," whereas the vending machine crime does not, although the word "into" possibly could be interpreted to require entry.
_
OUJI-CR 5-14A
BURGLARY IN THE THIRD DEGREE - ELEMENTS
No person may be convicted of burglary in the third degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, breaking;
Second, entering;
Third, a/an automobile/truck/trailer/vessel;
Fourth, of another;
Fifth, in which property is kept;
Sixth, with the intent to (steal any property in the automobile/truck/ trailer/vessel)/(commit any felony).
______________________________
Statutory Authority: 21 O.S. Supp. 2019, § 1435(B).
_
OUJI-CR 5-20
EMBEZZLEMENT (APPROPRIATING) - ELEMENTS
No person may be convicted of felony/misdemeanor embezzlement unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, fraudulently; 
Second
, appropriated; 
Third
, personal property; 
Fourth
, (of value)/(valued at more than $1,000) with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Fifth
, of a person/(legal entity);
Sixth
, to any use or purpose not intended or authorized by its owner;
Seventh
, where the property was legally obtained; and
[Eighth, the property was entrusted to the defendant for a specific purpose/use/disposition, including any funds "held in trust" for any purpose].
OR
[Eighth, the defendant obtained the property by virtue of a power of attorney for the sale/transfer of the property]. 
OR
[Eighth, the property was controlled/possessed for the use of another person]. 
OR
[Eighth, the property was to be used for a public/benevolent purpose]. 
OR
[Eighth, the defendant diverted money appropriated by law from the purpose and object of the appropriation]. 
OR
[Eighth, the defendant failed/refused to pay over to the state/(Specify Other Appropriate Authority) any tax/ (Specify Other Type of Monies) collected in accordance with state law; and
Ninth, the defendant appropriated the tax/(Specify Other Type of Monies) for (his/her own use)/(the use of another person)]. 
OR
[Eighth, the defendant possessed the property for the purpose of transportation without regard to whether packages containing the property have been broken]. 
OR
[Eighth, the defendant removed crops from leased/rented premises with the intent to deprive the owner/landlord of rent due from the premises]. 
OR
[Eighth, the defendant fraudulently appropriated rent from leased/rented premises to himself/herself/(any person)].
OR
[Eighth, the property was possessed/controlled by virtue of a lease/rental agreement; and
Ninth, the defendant willfully/intentionally did not return the property within 10 days after the agreement expired]. 
______________________________
Statutory Authority: 21 O.S. Supp. 2004 2019, § 1451.
Notes on Use
If the prosecution seeks to aggregate the value of multiple offenses, OUJI-CR 5-90A, infra, should also be used.
Committee Comments
Two element instructions are given for embezzlement under section 1451 because two fact situations constitute crimes under the statute. This instruction covers the usual case in which the State will present evidence that the accused has in fact appropriated the property. The next instruction (OUJI-CR 5-21, infra) covers the case in which no appropriation has occurred but the accused has hidden the property with fraudulent intent to appropriate it at a more convenient time. Common law cases are split on the question of whether the act of hiding the property constitutes a conversion. Section 1451 explicitly resolves the question. Hence, instructions are presented to cover both situations. The trial judge should use the instruction more appropriate for the facts of the pending case. 
The third element indicates that the property which is subject to embezzlement is personal property, not real property. The statutory language does not specify personal property, but merely "property." Basic research into Oklahoma cases has not revealed a case addressing this question. Only a few cases in the United States have dealt with the specific question of whether real property is covered by the embezzlement crime. See People v. Roland, 134 Cal. App. 675, 26 P.2d 517 (1933) (real property is subject to embezzlement); Manning v. State, 175 Ga. 875, 166 S.E. 658 (1932); State v. Clark, 60 Ohio App. 367, 21 N.E.2d 484 (1938) (real property is not subject to embezzlement). Even the treatise writers appear divided on the question. R. Perkins, Criminal Law 291 (2d ed. 1969) and W. Clark & W. Marshall, A Treatise on the Law of Crimes 904-07 (7th ed. 1967) imply that real property cannot be embezzled, whereas W. LaFave & A. Scott, Criminal Law § 89, at 646-647 (1972), state that, on principle, conviction for embezzlement of real property should be possible. 
The Committee has concluded that real property was not meant to be included within the embezzlement statutes of Oklahoma. The Committee reached this conclusion for several reasons. First, embezzlement historically has been used to fill the gaps opened by interpretation of common law larceny. Larceny applies to personal property only because real property cannot be taken and carried away. Second, the punishment for embezzlement in Oklahoma is correlated to the punishment for larceny. 21 O.S. 2001 2011, § 1462. Third, the common law definition is to be followed, in the opinion of the Commission, unless the Legislature has clearly indicated otherwise. If the Legislature had meant to expand embezzlement, it should have used the words "real or personal property." 
The seventh element presents the concept of lawful acquisition by the person who has embezzled. If the property is wrongfully acquired initially, the crime is larceny, not embezzlement. Ennis v. State, 1917 OK CR 150, 13 Okl. Cr. 675, 167 P. 229; Bivens v. State, 1912 OK CR 11, 6 Okl. Cr. 521, 120 P. 1033; Flohr v. Territory, 1904 OK CR 93, 14 Okl. 477, 78 P. 565.
In light of the statutory language of section 1451, a question arises whether the Legislature intended to abolish the distinction made at common law between custody and possession. At common law if a person merely acquired custody of property, i.e., physical possession, and then converted the property, the person had committed larceny but not embezzlement. The common law reasoning is that a person who has custody does not have legal possession of the property; hence, the conversion is a trespassory taking, rather than an appropriation. Taking is an element of larceny, whereas appropriating is an element of embezzlement. R. Perkins, Criminal Law 289 (2d ed. 1969). The language of the statute is susceptible to a construction indicating that it is immaterial whether the embezzler had custody or possession when he converted. 
Conflicting lines of cases decided under prior Oklahoma statutes exist in Oklahoma concerning the custody/possession dichotomy. In Cunningham v. District Court of Tulsa, 1967 OK CR 183, 432 P.2d 992, and Gibson v. State, 1958 OK CR 74, 328 P.2d 718, overruled on other grounds, Parker v. State, 1996 OK CR 19, n.4, 917 P.2d 980, 986, the distinction between custody and possession is drawn. In Smith v. State, 1929 OK CR, 42 Okl. Cr. 136, 275 P. 359, the distinction is repudiated. Although Cunningham, Gibson, and Smith construe separate statutes, the language of the statutes is similar. Former section 1452 read, "in his possession or under his control"; former section 1454 read, "entrusted with or having in his control"; former section 1456 read, "has come into his control or care"; and former section 1453 read, "having under his control." The Commission has concluded that the reasoning of the court in the Cunningham and Gibson cases should be adopted when construing the embezzlement statutes in order to preserve the custody/possession distinction. 
The fourth element is included to indicate whether the defendant is charged with felony or misdemeanor embezzlement and for the purposes of determining the appropriate range of punishment. 
Some overlap with the larceny statutes may result from the following provision at the end of 21 O.S. Supp. 2002 2019, § 1451(A)(7): "without regard to whether packages containing the property have been broken." The common law courts hold that misappropriation of the entire package delivered to a carrier is not larceny because the carrier has lawful possession. Misappropriation of the entire package is therefore embezzlement. If the carrier opened the package and took an item in the package, however, the courts held that larceny has been committed because the carrier did not have lawful possession of the individual items in the package. This is known as the "breaking bulk" doctrine. However, under section 1451(A)(7) this latter factual situation is also embezzlement. The language of section 1451(A)(7) indicates that embezzlement is committed whether the carrier takes the whole package or individual items. R. Perkins, Criminal Law 260-62 (2d ed. 1969).
_
OUJI-CR 5-21
EMBEZZLEMENT (SECRETING) - ELEMENTS
No person may be convicted of felony/misdemeanor embezzlement unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, secreted; 
Second
, personal property; 
Third
, (of value)/(valued at more than $1,000) with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Fourth
, of a person/(legal entity);
Fifth
, with fraudulent intent to appropriate;
Sixth
, to any use or purpose not intended or authorized by its owner;
Seventh
, where the property was legally obtained; and
[Eighth, the property was entrusted to the defendant for a specific purpose/use/disposition, including any funds "held in trust" for any purpose].
OR
[Eighth, the defendant obtained the property by virtue of a power of attorney for the sale/transfer of the property]. 
OR
[Eighth, the property was controlled/possessed for the use of another person]. 
OR
[Eighth, the property was to be used for a public/benevolent purpose]. 
OR
[Eighth, the defendant diverted money appropriated by law from the purpose and object of the appropriation]. 
OR
[Eighth, the defendant failed/refused to pay over to the state/(Specify Other Appropriate Authority) any tax/ (Specify Other Type of Monies) collected in accordance with state law; and
Ninth, the defendant appropriated the tax/(Specify Other Type of Monies) for (his/her own use)/(the use of another person)]. 
OR
[Eighth, the defendant possessed the property for the purpose of transportation without regard to whether packages containing the property have been broken]. 
OR
[Eighth, the defendant removed crops from leased/rented premises with the intent to deprive the owner/landlord of rent due from the premises]. 
OR
[Eighth, the defendant fraudulently appropriated rent from leased/rented premises to himself/herself/(any person)].
OR
[Eighth, the property was possessed/controlled by virtue of a lease/rental agreement; and
Ninth, the defendant willfully/intentionally did not return the property within 10 days after the agreement expired]. 
______________________________
Statutory Authority: 21 O.S. Supp. 2004 2019, § 1451.
Notes on Use
If the prosecution seeks to aggregate the value of multiple offenses, OUJI-CR 5-90A, infra, should also be used.
_
OUJI-CR 5-38
FALSE PRETENSE (FELONY, SECTION 1541.2) - ELEMENTS
No person may be convicted of the felony of false pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, obtained title;
Second, to money/property/(a valuable thing);
Third, of another;
Fourth, valued at more than $50/$500 (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Fifth, by means of a (trick or deception)/(false representation)/ (confidence game)/(false check)/(false written/printed/ engraved instrument)/ (spurious coin);
Sixth, known by the defendant to be false/spurious/(a trick or deception);
Seventh, with intent to cheat and defraud.
_
OUJI-CR 5-39
ATTEMPTED FALSE PRETENSE (FELONY, SECTION 1541.2) - ELEMENTS
No person may be convicted of the felony of attempted false pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, attempted to obtain title;
Second, to money/property/(a valuable thing);
Third, of another;
Fourth, valued at more than $50/$500 (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Fifth, by means of a (trick or deception)/(false representation)/ (confidence game)/(false check)/(false written/printed/ engraved instrument)/ (spurious coin);
Sixth, known by the defendant to be false/spurious/(a trick or deception);
Seventh, with intent to cheat and defraud.
_
OUJI-CR 5-40
FALSE PRETENSE (FELONY, SECTION 1541.3) - ELEMENTS
No person may be convicted of the felony of false pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, obtained title;
Second, to money/property/(a valuable thing);
Third, of another;
Fourth, by means of two or more false checks written for a total amount of more than $500/$1000 ($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Fifth, in pursuance of a common scheme; 
Sixth Fifth, known by the defendant to be false;
Sixth, in pursuance of a common scheme; 
Seventh, with intent to cheat and defraud.
______________________________
Statutory Authority: 21 O.S. 2001 2011 & Supp. 2019, §§ 1541.1, 1541.2, 1541.3.
Committee Comments
Sections 1541.1 through 1541.5 are statutes passed in 1967 to replace section 1541, the previous false-pretense and bogus-check statute. Although the 1967 law adds section 1541.3 to make it a felony to pass several checks totaling more than $50 (raised to $500 in 2001) in a common scheme, the present statutes are substantially similar to the repealed section 1541. Hence, the cases construing section 1541 are still valid precedent for statutory interpretation of sections 1541.1 through 1541.5. 
Two instructions in addition to the attempt instruction are presented under the heading of Felony False Pretense because two sections, 1541.2 and 1541.3, create felony false-pretense crimes. Although the language of section 1541.3 is different from the language of sections 1541.1 and 1541.2, it was the opinion of the Commission that, since these three sections are part of the same legislation, section 1541.3 does not provide a different definition of false pretense. Rather, the Commission has concluded that section 1541.3 is a statute of classification that uses the definition of "false pretense" given by section 1541.1. The elements of the two false-pretense crimes are therefore identical, with the exception of the specific aggravating facts indicated in the fourth element and the means used to accomplish the intended purpose in the fifth element. 
The act of obtaining made punishable by the false-pretense crimes involves the passage of title to the accused from the person who has been deceived. As the element of taking in larceny encompasses the concept of transfer of possession, so the element of obtaining in false pretense encompasses the concept of transfer of title. Whether or not title has passed to the accused is primarily a question of the intent of the parties to the transaction, especially the intent of the victim. If the victim meant only to transfer possession, the crime is larceny by fraud. Braswell v. State, 1964 OK CR 28, ¶ 10, 389 P.2d 998, 1001 (Okl. Cr. 1964); Warren v. State, 1950 OK CR 162, 93 Okl. Cr. 166, 226 P.2d 320, 93 Okl. Cr. 166 (1950). 
The second element indicates what must be obtained in order to constitute false pretense for the purpose of sections 1541.1 through 1541.3. The statutory language reads "money, property or valuable thing." The word "money" presents no difficulty. Mason v. State, 1923 OK CR 62, 23 Okl. Cr. 111, 212 P. 1028, 23 Okl. Cr. 111 (1923). The words "valuable thing" have expanded the protection of false-pretense to include, for example, telephone service and the cancellation of a promissory note and chattel mortgage. Stokes v. State, 1961 OK CR 76, ¶ 17, 366 P.2d 425, 430 (Okl. Cr. 1961); Bright v. State, 1943 OK CR 17, 76 Okl. Cr. 67, 134 P.2d 150, 76 Okl. Cr. 67 (1943). Nothing of value has been obtained, however, when the accused gives a false check for a pre-existing debt. The debt simply is not satisfied by the check and still exists. Jones v. State, 1913 OK CR 155, 9 Okl. Cr. 621, 132 P. 914, 9 Okl. Cr. 621 (1913). 
The word "property" has been used without any descriptive adjective in the instruction. The issue is thereby raised as to whether the element should be limited to personal property, or whether real property is protected by the false-pretense statutes. No Oklahoma case has dealt with the issue, and cases in American jurisdictions are split on the issue. W. LaFave & A. Scott, Criminal Law § 90, at 665 (1972). 
False pretense, like embezzlement, is a statutory crime created to cover situations not punishable under common law interpretations of larceny. Larceny is limited to personal property. If the legislative intent with respect to embezzlement excluded real property, as concluded in the commentary following the embezzlement instructions, it would follow that the Legislature also intended to exclude real property from the protection of the false-pretense statutes. On the other hand, 21 O.S. 2001 2011, § 104, defines "property" as including both real and personal property. 
The issue may actually be moot, because the Court of Criminal Appeals has held that the deed to real property is personal property possessing a value equivalent to the value of the land it represents. Thus, a person could be convicted of larceny when the property allegedly taken is a deed to real property. State v. McCray, 1919 OK CR 7, 15 Okl. Cr. 374, 177 P. 127, 15 Okl. Cr. 374 (1919) (construing section 1709). It would therefore appear that a person who obtains a deed transferring title to real property through false representations has obtained personal property. The person should then be subject to prosecution for false pretense. 
The Commission has decided to use only the word "property" in the instructions on false pretenses. The Commission leaves the precise question raised to further court interpretation and decision. 
The language "of another" is used in the third element to promote consistency of language with the larceny and embezzlement instructions, although the statutory language actually reads "any person, firm or corporation." 
The fourth elements for both sections 1541.2 and 1541.3 are similar. Under section 1541.2, the property obtained by the defendant must be valued at more than $50 $1,000, whereas, under section 1541.3, the total value of the checks must be more than $50 $2,000, although the amount of each separate check need not equal more than $50 $1,000. Morris v. State, 1977 OK CR 267, ¶ 9, 568 P.2d 1303, 1305 (Okl. Cr. 1977) (amount in statute at the time was $20). Although the defendant is guilty of a felony if the amount obtained or total value of the checks is $500 $2,000 or more, the range of punishment is dependent on whether the amount obtained or total value of the checks is more or less than $1,000 $2,500 as well as $15,000. 
The fifth element lists the alternative means by which the deception can be accomplished. The Oklahoma Court of Criminal Appeals held in Broadway v. State, 1991 OK CR 113, ¶ 7, 818 P.2d 1253, 1255 (Okl. Cr. 1991), that the crime of false-pretense may be committed by means other than a "statement," such as by a trick, deception, false or fraudulent representation, or by a pretense. The trial should select the appropriate means of deception in the instruction so that it fits the actual facts of the case being tried. The crime created by section 1541.3 can be committed only by means of false checks. Therefore, the fourth element of the instruction for section 1541.3 lists only that method of deception. 
The fifth element of section 1541.2 and the fourth element of section 1541.3 indicate that the representation or check must be false. 
The sixth element indicates that the defendant must know that a false representation has been made or a false check has been given. Although the statutory language does not indicate explicitly that the defendant must know that the representation or check is false, section 1541.4 creates a presumption of knowledge of lack of sufficient funds to pay the check if it is not paid within five days from the date the check is presented for payment. The presumption of section 1541.4 in conjunction with the general understanding of the elements of false pretense would indicate that the representation or check must be known to be false by defendant. Ross v. State, 1977 OK CR 340, ¶ 7, 572 P.2d 1001, 1003 (Okl. Cr. 1977); W. LaFave & A. Scott, Criminal Law § 90, at 666 (1972); R. Perkins, Criminal Law 309 (2d ed. 1969). 
In addition to the mens rea of knowledge concerning the falseness of the representation or check, the defendant must also have the intent to cheat and defraud. This is the specific mens rea of the crimes of false pretense. Dunaway v. State, 1977 OK CR 86, ¶ 9, 561 P.2d 103, 106 (Okl. Cr. 1977); Moore v. State, 1952 OK CR 140, 96 Okl. Cr. 118, 250 P.2d 46, 96 Okl. Cr. 118 (1952); Beach v. State, 1924 OK CR 187, 28 Okl. Cr. 348, 230 P. 758, 28 Okl. Cr. 348 (1924). Section 1541.4 also creates a presumption of intent to defraud if the defendant fails to pay the check within the specified period. 
Section 1541.1 also creates a specific attempted-false-pretense crime. OUJI-CR 5-39 has been drafted for this offense. The only variance between the false-pretense instruction and the attempted-false-pretense instruction is in the first element where "attempting to obtain title" is substituted for "obtaining title." 
Since a specific attempt statute exists for false pretense under 21 O.S. 2001 2011, § 1541.1, the State is prohibited from charging an attempted false pretense under the general attempt statutes. See Ex parte Smith, 1952 OK CR 81, 95 Okl. Cr. 370, 246 P.2d 389, 95 Okl. Cr. 370 (1952). 
_
OUJI-CR 5-41
FALSE PRETENSE (MISDEMEANOR, SECTION 1541.1) - ELEMENTS
No person may be convicted of the misdemeanor of false pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, obtained title;
Second, to money/property/(a valuable thing);
Third, of another;
Fourth, valued at less than $500 $1,000;
Fifth, by means of a (trick or deception)/(false representation)/ (confidence game)/(false check)/(false written/ printed/engraved instrument)/(spurious coin);
Sixth, known by the defendant to be false/spurious/(a trick or deception);
Seventh, with intent to cheat and defraud.
_
OUJI-CR 5-42
ATTEMPTED FALSE PRETENSE (MISDEMEANOR, SECTION 1541.1) - ELEMENTS
No person may be convicted of the misdemeanor of attempted false pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, attempted to obtain title;
Second, to money/property/(a valuable thing);
Third, of another;
Fourth, valued at less than $500 $1,000;
Fifth, by means of a (trick or deception)/(false representation)/ (confidence game)/(false check)/(false written/ printed/engraved instrument)/(spurious coin);
Sixth, known by the defendant to be false/spurious/(a trick or deception);
Seventh, with intent to cheat and defraud.
_
OUJI-CR 5-50
FALSE PERSONATION - ELEMENTS
No person may be convicted of the felony false personation unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, the defendant falsely assumed the identity of another person;
Second, the impersonation of that identity was intentional;
[Third, under that false identity the defendant subscribed/verified/ published/acknowledged/proved a written instrument;
Fourth, with the intent that the instrument be delivered/used as true].
OR
[Third, under that false identity the defendant did any act that might have made the other person liable to (any lawsuit or prosecution)/(pay any money)/ (incur any charge/forfeiture/penalty);
Fourth, if the act had been done by the other person].
OR
[Third, under that false identity the defendant obtained/received any benefit;
Fourth, as a result of impersonating the other person].
OR
[Third, under that false identity the defendant received any money/property;
Fourth, knowing that it was intended to be delivered to the other person;
Fifth, with the intent to convert the money/property to (the defendant's own use)/(the use of another person who was not entitled to it); and 
Sixth, the value of the money/property was (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more).
[A written instrument is every instrument (partly printed and partly written)/(wholly printed with a written signature thereto), and every signature of a/an individual/firm/ corporation/(officer of a firm/corporation) and every writing purporting to be such signature].
______________________________
Statutory Authority: 21 O.S. 1991 2011 & Supp. 2019, §§ 1531, 1532,1625.
Notes on Use
This instruction covers only the third and fourth subdivision subdivisions of 21 O.S. 1991 2011, § 1531, and 21 O.S. Supp. 2019, § 1532. the The court should select among the alternatives according to the evidence at trial. For prosecutions of other types of false personation, the trial court will need to draft appropriate instructions based on the proof at trial. 
Committee Comments
This Instruction follows Barkus v. State, 1996 OK CR 45, ¶ 4, 926 P.2d 312, 313 (Okl.Cr. 1996), which overruled Friday v. State, 1992 OK CR 39, 833 P.2d 1257 (Okl. Cr. 1992) in part. Under Barkus, no overt act is required for a conviction if the defendant obtained any benefit as a result of the false impersonation. See also Camren v. State, 1991 OK CR 75, ¶¶ 4-5, 815 P.2d 1194, 1195 (Okl. Cr. 1991) (defendant falsely personated his dead brother in order to reclaim his own suspended driver's license). 
The bracketed definition of "written instrument" is taken from 21 O.S. 1991 2011, § 1625.
_OUJI-CR 5-69
FORGERY IN THE SECOND DEGREE
(UTTERING NOTES, ETC.) - ELEMENTS
No person may be convicted of forgery in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, intentionally;
Second, selling/exchanging/delivering/(receiving upon a sale/exchange/ delivery)/(offering for sale/exchange/delivery);
Third, for any consideration;
Fourth, a false (promissory note)/check/bill/ draft/(instrument evidencing a debt)/(instrument promising payment of money);
Fifth, with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99)/($15,000 or more);
Fifth Sixth, known by the defendant to be false.
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1577.
Notes on Use
If the prosecution seeks to aggregate the value of multiple offenses, OUJI-CR 5-90A, infra, should also be used.
OUJI-CR 5-72
FORGERY IN THE SECOND DEGREE
(UTTERING IN GENERAL) - ELEMENTS
No person may be convicted of forgery in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, offering/publishing as genuine;
Second, a false (writing having legal significance)/coin;
Third, with a value of [$1,000/$2,500/$15,000] or more; 
Third Fourth, known by the defendant to be false;
Fourth Fifth, with the intent to defraud.
[A series of offenses may be aggregated into one offense when they are the result of the formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, results in the taking or diversion of money or property on a recurring basis. When all acts result from a continuing course of conduct, they may be aggregated into one crime. Acts forming an integral part of the first taking which facilitate subsequent takings, or acts taken in preparation of several takings which facilitate subsequent takings, are relevant to determine the intent of the party to commit a continuing crime.]
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1592.
Notes on Use
If the value of the instrument or coin is less than $1,000, the third element should be deleted, and the remaining elements should be renumbered.
_
OUJI-CR 5-78
FORGERY IN THE SECOND DEGREE
(POSSESSION OF EVIDENCE OF A DEBT) - ELEMENTS
No person may be convicted of forgery in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, possesses;
Second, a false (negotiable note)/bill/draft/(evidence of debt);
Third, with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Third Fourth, of a corporation/company;
Fourth Fifth, known by the defendant to be false;
Fifth Sixth, with the intent to defraud; and
Seventh, with the intent to (utter as true or as false)/(cause to be uttered as true or as false).
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1578.
Notes on Use
If the prosecution seeks to aggregate the value of multiple offenses, OUJI-CR 5-90A, infra, should also be used.
_
OUJI-CR 5-79
FORGERY IN THE SECOND DEGREE
(POSSESSION IN GENERAL) - ELEMENTS
No person may be convicted of forgery in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, possesses/(causes another person to possess);
Second, a false writing having legal significance;
Third, with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more); 
Third Fourth, known by the defendant to be false;
Fourth Fifth, with the intent to injure or defraud.
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1579.
Notes on Use
If the prosecution seeks to aggregate the value of multiple offenses, OUJI-CR 5-90A, infra, should also be used.
_
OUJI-CR 5-90A
DETERMINATION OF VALUE
The value of multiple acts/occurrences/transactions may be added together into one total value. In determining value, you may consider only acts/occurrences/transactions resulting from a continuing course of conduct in a common plan or scheme, or the setting up of a mechanism which, when put into operation, results in the taking or diversion of money or property on a recurring basis. You may consider acts/occurrences/transactions forming an integral part of the first taking which facilitate subsequent takings, or acts/occurrences/ transactions taken in preparation of several takings which facilitate subsequent takings, to determine the intent of the party to commit a continuing crime.
_
OUJI-CR 5-93
GRAND LARCENY - ELEMENTS
No person may be convicted of grand larceny unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, taking;
Second
, carrying away;
Third
, of (personal property)/(one or more firearms);
Fourth
, of another; 
Fifth
, (valued at more than $500 ($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more)/(from the person of another);
Sixth
, by fraud/stealth;
Seventh
, with the intent to deprive permanently.
______________________________
Statutory Authority: 21 O.S. 2001 Supp. 2019, §§ 1701, 1704, 1705.
Notes on Use
If the property that was taken was firearms, the Fifth Element should be deleted, and the remaining elements should be renumbered.
Committee Comments
The statutory language seems relatively clear as to the elements of grand larceny. The case law, however, has added the technical element of "carrying away": asportation. Although any slight carrying-away motion after possession has been acquired by the thief will be sufficient to satisfy the second element, basic research indicates "carrying away" to be a distinct element of the crime of larceny. Turner v. State, 1973 OK CR 430, ¶ 4, 515 P.2d 1167, 1168 (Okl. Cr. 1974); Hutchinson v. State, 1967 OK CR 48, ¶ 6, 427 P.2d 112, 114 (Okl. Cr. 1967); Mercer v. State, 1950 OK CR 89, 92 Okl. Cr. 37. 219 P.2d 1035, 92 Okl. Cr. 37 (1950). 
When discussing the element "of another," the cases usually speak of the other as the owner of the property. Ownership of the personal property by the other person is not required, however, and larceny has been committed if another's possession has been disturbed. Hence, the owner of personal property can be convicted of larceny of his property if the owner were to take the property from the lawful possession of another with intent to deprive the possessor of his property right permanently. Borrelli v. State, 1969 OK CR 135, ¶ 6, 453 P.2d 312, 314 (Okl. Cr. 1969) (possession of car by owner's wife was sufficient ownership to justify charge of larceny of automobile). Grand larceny is thus a crime against lawful possession. Pershica v. State, 1974 OK CR 154, ¶ 17, 525 P.2d 1374, 1377 (Okl. Cr. 1974). 
The fifth element lists the two alternatives which distinguish grand larceny from petit larceny in accordance with section 1704. 
The word "stealth," one of the two alternative means by which the personal property must be obtained for larceny, will encompass the situation illustrated by section 1702 concerning lost property. As previously mentioned in the commentary to the introductory instruction, section 1702 does not create a separate crime but simply illustrates one factual situation which can, in certain instances, constitute larceny. Taking the property by fraud or stealth simply indicates that the taking is trespassory. 
The mens rea as stated in section 1701 is "intent to deprive." Case law indicates that it is more appropriate to describe the mens rea as "intent to deprive permanently." Tate v. State, 1985 OK CR 116, ¶ 9, 706 P.2d 169, 171 (Okl. Cr. 1985); Barnes v. State, 1963 OK CR 102, 10, 387 P.2d 146, 148 (Okl. Cr. 1964). The seventh element reflects the case law on the mens rea element of larceny. See Phipps v. State, 1977 OK CR 337, ¶ 10, 572 P.2d 588, 591 (Okl. Cr. 1977); Simmons v. State, 1976 OK CR 89, ¶ 15, 549 P.2d 111, 116 (Okl. Cr. 1976). 
_
OUJI-CR 5-100
LARCENY OF AUTOMOTIVE DRIVEN VEHICLE - ELEMENTS
No person may be convicted of larceny of an automotive driven vehicle unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, taking;
Second
, carrying away;
Third
, an automobile/aircraft/(automotive driven vehicle)/ (construction/farm equipment));
Fourth
, of another; 
Fifth, with a value of $50,000 or more
;
Fifth Sixth, with the intent to steal.
______________________________
Statutory Authority: 21 O.S. 2011 & Supp. 2019, §§ 1720, 1730.
Notes on Use
If the value of the vehicle is less than $50,000, the fifth element should be deleted, and the sixth element should be renumbered.
Committee Comments
Prior versions of OUJI-CR 5-98, 5-99, and 5-100 included "trespassory" as the first element. See Grissom v. State, 2011 OK CR 3, ¶ 49, 253 P.3d 969, 987. The reason for including the element of "trespassory" was that 21 O.S. 2011, § 1716, 1719, and 1720 use the term "steal", and stealing was distinguished from larceny in Sneed v State, 1937 OK CR 52, 65 P.2d 1245, 1247, 61 Okl.Cr. 96, 101. The distinction between stealing and larceny was eliminated by 21 O.S. 2011, § 1730, which provides that they mean the same thing, and therefore, the element of "trespassory" has been deleted from OUJI-CR 5-98, 5-99, and 5-100. 
_
OUJI-CR 5-103
GRAND LARCENY OF MERCHANDISE - ELEMENTS
No person may be convicted of grand larceny of merchandise unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, taking;
Second
, carrying away;
Third
, merchandise;
Fourth
, from a retailer/wholesaler; 
Fifth
, valued at $500/$1,000 or more with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Sixth
, by fraud/stealth;
Seventh
, with the intent to deprive permanently.
______________________________
Statutory Authority: 21 O.S. Supp. 2019, § 1731.
Committee Comments
The Commission has interpreted the word "larceny" as used in section 1731 to have the same basic meaning as "larceny" under sections 1701 and 1704, except that the property taken must be merchandise. Since the crime is the larceny of merchandise from a retail or wholesale establishment, the Commission has used the terms "retailer" or "wholesaler" rather than "of another" in the fourth element. 
_
OUJI-CR 5-104
PETIT LARCENY OF MERCHANDISE - ELEMENTS
THIS INSTRUCTION SHOULD BE DELETED
No person may be convicted of petit larceny of merchandise unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First
, taking;
Second
, carrying away;
Third
, merchandise;
Fourth
, from a retailer/wholesaler; 
Fifth
, valued at less than $500;
Sixth
, by fraud/stealth;
Seventh
, with the intent to deprive permanently.
______________________________
Statutory Authority: 21 O.S. 2001, § 1731.
Committee Comments
These two instructions differ only in the element of value which distinguishes the misdemeanor from the felony crime. 
The Commission has interpreted the word "larceny" as used in section 1731 to have the same basic meaning as "larceny" under sections 1701 and 1704, except that the property taken must be merchandise. The statutory language of section 1731, however, divides the felony from the misdemeanor crime at a different monetary value. Under section 1704, the crime is grand larceny only if the property is valued at more than $500. Under section 1731, however, the crime is a felony if the property is valued at $500 or more - one cent lower. Moreover, the Commission has interpreted the statutory language of section 1731 to require proof of value of less than $500 for conviction of the misdemeanor crime. Since the crime is the larceny of merchandise from a retail or wholesale establishment, the Commission has used the terms "retailer" or "wholesaler" rather than "of another" in the fourth element. 
_
OUJI-CR 5-105A
[GRAND] LARCENY OF LOST PROPERTY - ELEMENTS
No person may be convicted of [grand] larceny of lost property unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, finding lost property;
Second, valued at more than $500]; valued at (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99/($15,000 or more);
Third, under circumstances that the person knew or was able to determine who was the true owner;
Fourth, and taking the property for the (person's own use)/(use of another person who was not entitled to the property);
Fifth, without first making such an effort to find the owner and return the property to the owner as would be reasonable and just under the circumstances.
______________________________
Statutory Authority: 21 O.S. 2011 Supp. 2019, §§ 1702, 1704.
Notes on Use
If the lost property was valued at $500 or less, the second element should be deleted, and the remaining elements renumbered. If the second element was deleted, the crime would be petit larceny of lost property.
OUJI-CR 5-111
RECEIVING STOLEN PROPERTY - ELEMENTS
No person may be convicted of receiving stolen property unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, (receiving in exchange for anything of value)/buying;
Second, stolen/embezzled/(fraudulently/feloniously obtained) personal property;
Third, with a value of (less than $1,000)/($1,000-$2,499.99)/($2,500-$14,999.99)/($15,000 or more); 
Third Fourth, (known/believed by the defendant)/(that the defendant reasonably should have known/believed) to have been stolen/embezzled/ (fraudulently/feloniously obtained);
Fourth Fifth, with the intent to (deprive permanently)/(aid the thief)/ (obtain some gain/reward for restoring the property to the owner)/(derive a benefit/profit).
______________________________
Statutory Authority: 21 O.S. 1991 Supp. 2019, § 1713.
Committee Comments
The conduct prohibited by the receiving-stolen-property statute is the receipt or purchase of stolen property. Receiving stolen property is a separate and independent crime from other property crimes, particularly larceny. Palmer v. State, 1951 OK CR 26, 93 Okl. Cr. 357, 228 P.2d 391, 93 Okl. Cr. 357 (1951). A person who is charged with receiving stolen property is, therefore, not an accessory of the person who feloniously obtains the property. As a consequence, a person charged with receiving stolen property can be convicted of the charge regardless of the status of the criminal proceedings against the thief. A discussion of the historical development of the crime of receiving stolen property is found in W. LaFave & A. Scott, Criminal Law § 93, at 682 (1972). On the other hand, a person who participates in the theft of the property cannot properly be charged with receiving stolen property because a thief cannot receive property from himself or from his accomplices. When a person is a participant in the theft, the proper charge is for the theft crime and an additional charge for receiving stolen property will not lie. Hair v. State, 1956 OK CR 28, ¶ 8, 294 P.2d 846, 850 (Okl. Cr. 1956). 
Receipt of property means that the receiver has gained possession of the property. A transfer of possession of stolen property must occur. McGee v. State, 1937 OK CR 29, 60 Okl. Cr. 436, 65 P.2d 207, 1937 OK CR 29 (1937); Sipes v. State, 1926 OK CR 412, 36 Okl. Cr. 1, 251 P. 511, 36 Okl. Cr. 1 (1926). Receipt can also be established by the exercise of dominion and control over the property by the defendant, regardless of whether the defendant has manual possession of the stolen property. Price v. State, 1913 OK CR 118, 9 Okl. Cr. 359, 131 P. 1102, 9 Okl. Cr. 359 (1913). See Hunsucker v. State, 1970 OK CR 140, ¶ 17, 475 P.2d 618, 621 (Okl. Cr. 1970). Furthermore, due to the statutory language "buys," if an agreed-upon bargain has been struck, the crime of receiving stolen property seemingly has been committed, even though no dominion and control or physical possession has been exercised by the purchaser. The agreement to buy substitutes for the transfer of possession. 
Section 1713 specifies "upon any consideration" as an element of the crime of receiving stolen property. The concept of consideration is contained in the conduct of buying, which is an alternative in the first element, and therefore this element does not need to be separately stated if evidence is presented that the defendant bought the stolen property. Where the stolen property is not bought, the trial court must specify the type of consideration that the defendant is alleged to have given for it. As the Oklahoma Court of Criminal Appeals noted in Hunsucker v. State, 1970 OK CR 140, ¶ 17, 475 P.2d 618, 621 (Okl. Cr. 1970), "the consideration referred to in the statute may be of many different types." In Hunsucker, for example, the Court of Criminal Appeals affirmed a conviction where there was no evidence that the defendant had paid for the stolen property; instead, the consideration consisted of the defendant's promise to pay for it. Id. at ¶ 5, 475 P.2d at 619-20. 
The receiving-stolen-property statute is meant to discourage commerce in stolen property and to provide a criminal sanction against "fences." Thus, for the crime to have been committed, the property must have been stolen. Moreover, property which has been stolen but has now lost its stolen taint does not qualify for the protection of the receiving-stolen-property statute. Booth v. State, 1964 OK CR 124, ¶ 6, 398 P.2d 863, 868 (Okl. Cr. 1964). To discuss stolen property only, however, is not completely accurate because the statutory language indicates that property that has been embezzled, obtained by false pretense, or "otherwise feloniously obtained" is also covered by section 1713. The language "otherwise feloniously obtained" would seem to cover property obtained as a result of forgery, extortion, burglary, and other crimes. The language of the second element in the instruction reflects the broad language of the statute. 
The language of section 1713 limits the coverage of the statute to personal property. The second element has been drafted accordingly. The definition of personal property under Oklahoma statutes and case law is broader, however, than the definition of personal property under common law. State v. McRay, 1919 OK CR 7, 15 Okl. Cr. 374, 177 P. 127, 15 Okl. Cr. 374 (1919); 21 O.S. 1991 2011, §§ 103, 1712. Value is an inherent attribute of personal property. If the prosecutor proves that what has been received or purchased is personal property, the prosecutor has also proven value. Hence, the statutory language "any value whatsoever" does not, in the opinion of the Commission, create a separate element of the crime. 
The third element presents the mens rea element for the crime of receiving stolen property. Prior to the 1961 amendments to section 1713, the cases had clearly held that the defendant had either to know or to believe that the property was stolen. Acquisition of property without knowledge or belief as to the character of the property would preclude conviction for the crime. Camp v. State, 1939 OK CR 30, 66 Okl. Cr. 20, 89 P.2d 378, 66 Okl. Cr. 20 (1939); Weaver v. State, 1925 OK CR 258, 30 Okl. Cr. 309, 235 P. 635, 30 Okl. Cr. 309 (1925); Pickering v. United States, 1909 OK CR 48, 2 Okl. Cr. 197, 101 P. 123, 2 Okl. Cr. 197 (1909). Of course, the mens rea element could be proved by circumstantial evidence. Walker v. State, 1946 OK CR 61, 82 Okl. Cr. 352, 170 P.2d 261, 82 Okl. Cr. 352 (1946); Lewis v. State, 1945 OK CR 90, 81 Okl. Cr. 168, 162 P.2d 201, 81 Okl. Cr. 168 (1945); Davis v. State, 1920 OK CR 228, 18 Okl. Cr. 112, 193 P. 745, 18 Okl. Cr. 112 (1920). 
In 1961, the Legislature amended section 1713 by adding the words "or having reasonable cause to believe" in subsection 1 and by adding subsection 2. The court has held that the presumption of subsection 2 is unconstitutional insofar as knowledge of the stolen character of the property is presumed solely from possession of property that is stolen. Payne v. State, 1967 OK CR 194, ¶ 25, 435 P.2d 424, 428 (Okl. Cr. 1968). Compare Humphrey v. State, 1969 OK CR 90, ¶ 4, 452 P.2d 590, 592 (Okl. Cr. 1969). See also Barnes v. United States, 412 U.S. 837 (1973). 
The Court of Criminal Appeals determined the issue of whether the 1961 amendment enlarged the mens rea element of receiving stolen property to include a reasonable-person standard in Richardson v. State, 1976 OK CR 24, ¶ 13, 545 P.2d 1292, 1295 (Okl. Cr. 1976), and held that actual knowledge by the defendant of the stolen nature of the property was not required; "reasonable cause to believe" would suffice. See also Hutton v. State, 1972 OK CR 66, ¶ 9, 494 P.2d 1246, 1247 (Okl. Cr. 1972) (instruction reading "knew or had reasonable cause to believe" held appropriate); Jackson v. State, 1973 OK CR 79, ¶¶ 12-13, 508 P.2d 277, 279-280 (Okl. Cr. 1973). The 1961 amendment was intended to cover the situation in which a person should have made inquiry concerning the origin and title to the property because a reasonable person would have made inquiry. Failure to act as a reasonable person would have acted subjects one to criminal liability. 
The Commission has decided to use the language "reasonably should have known" or "reasonably should have believed," rather than "reasonable cause to believe" in order to prevent a possible misunderstanding on the part of the jurors. The language "reasonable cause to believe" implies that, if the defendant reasonably believes the property is stolen, the crime has been committed, whether or not the property in fact is stolen. The Commission has concluded that the Legislature did not intend to subject persons to criminal liability solely because they believe they are receiving stolen property, when in fact they are not. What the Legislature intended to do by the amendments, in the opinion of the Commission, was to make a person inquire, when a reasonable person would have inquired, as to the character of the property. Failure to act as a reasonable person would have acted would then subject one to criminal liability, if the property is, in fact, stolen. 
The "intent to deprive permanently" alternative in the fourth fifth element presents a second mens rea requirement for the crime of receiving stolen property. Although this second mens rea element is not specifically mentioned in the statute, the Committee believes it is needed to prevent a person from being subjected to criminal penalty when the person receives stolen property knowing it to be stolen but with the intent to return the property to its owner/possessor or to deliver it to the police. The language of the instruction was chosen because the intent to deprive permanently is a mens rea element common to several property crimes which must have been present in order for the property to have acquired a felonious taint, as reflected in the second element. 
The other alternatives in the the fourth fifth element are taken from Hanlon v. State, 1968 OK CR 89, ¶ 16, 441 P.2d 486, 489 (Okl. Cr. 1968); and Pickering v. United States, 1909 OK CR 48, 2 Okl. Cr. 197, 101 P.123, 2 Okl. Cr. 197 (1909) (Syllabus 3 by the Court).
_
OUJI-CR 5-116
UNAUTHORIZED USE OF VEHICLE - ELEMENTS
No person may be convicted of unauthorized use of a vehicle unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, taking/using/driving;
Second, a vehicle;
Third, by the defendant;
Fourth, without the consent of the owner;
Fifth, with the intent to deprive the owner, temporarily or otherwise, of the vehicle or its possession.
______________________________
Statutory Authority: 47 O.S. 1991 Supp. 2019, § 4-102 (A).
Committee Comments
This offense proscribes a broad range of conduct with respect to interference with rights of ownership or possession of vehicles. The Court of Criminal Appeals has rejected the contention that this statute constitutes little more than a temporary larceny statute, and thus requires an actual "taking" and "asportation" of the vehicle from the true owner in order to sustain a conviction. In Magness v. State, 1970 OK CR 157, ¶ 8, 476 P.2d 382, 383, the court noted the existence of a conflict of authorities concerning this point, but, construing Oklahoma law, determined to "follow the general rule that the word `or' in penal statutes is seldom used other than as a disjunctive. We find that it is not necessary that the defendant took the vehicle from the actual owner if he drove or used the same without consent with the intent to deprive him of its possession." See also Payton v. State, 1972 OK CR 306, 503 P.2d 570 (defendant's admission that he took car without owner's permission sufficient to sustain conviction under "temporarily" language of statute, regardless of whether defendant intended to return car). 
Whether the defendant's conduct in the vehicle in question was sanctioned by its owner is a question of fact to be resolved by the jurors. Frederick v. State, 1975 OK CR 88, ¶ 8, 535 P.2d 708, 710 (Okl. Cr. 1975). 
Failure to instruct the finder of fact with respect to the lesser included offenses of molesting or tampering with a vehicle, or of joy riding, will not be considered error unless the record reflects evidence which would justify such an instruction. Where the State's evidence demonstrates a direct and uncontroverted taking, using, or driving of a motor vehicle by the defendant, it is not incumbent on the trial court to instruct regarding lesser included offenses. Holt v. State, 1973 OK CR 7, ¶ 5, 505 P.2d 500, 501 (Okl. Cr. 1973); Oliver v. State, 501 P.2d 216 (Okl. Cr. 1972); Connell v. State, 1972 OK CR 153, ¶ 8, 497 P.2d 1106, 1107 (Okl. Cr. 1972); Magness, supra. But see Atterberry v. State, 1976 OK CR 257, ¶ 9, 555 P.2d 1301, 1303-1304 (Okl. Cr. 1976) (error to refuse lesser-included instruction where State's proof raised inferences justifying conviction either for unauthorized use or for tampering with a vehicle). 
_
OUJI-CR 5-116A
UNAUTHORIZED USE OF IMPLEMENT OF HUSBANDRY - ELEMENTS
No person may be convicted of unauthorized use of an implement of husbandry unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, taking/using/driving;
Second, an implement of husbandry;
Third, by the defendant;
Fourth, without the consent of the owner;
Fifth, with the intent to deprive the owner, temporarily or otherwise, of the vehicle or its possession.
______________________________
Statutory Authority: 47 O.S. Supp. 2019, § 4-102 (B).
Notes on Use
For the definition of "implement of husbandry", see 47 O.S. 2011, § 47-1-125. 
_
OUJI-CR 5-117
POSSESSION OF STOLEN VEHICLE - ELEMENTS
No person may be convicted of possession of a stolen vehicle unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, a person not entitled to possession of a vehicle;
Second, received/possessed/concealed/(disposed of) the vehicle;
[Third, knowing it was stolen.]
OR
[Third, knowing it was converted under [Specify Circumstances Constituting a Crime].]
______________________________
Statutory Authority: 47 O.S. 1991 Supp. 2018, § 4-103 (A).
Notes on Use
If the second alternative is used, the trial judge should specify the elements of the alleged crime.
OUJI-CR 5-117A
POSSESSION OF STOLEN IMPLEMENT OF HUSBANDRY - ELEMENTS
No person may be convicted of possession of a stolen implement of husbandry unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
First, a person not entitled to possession of an implement of husbandry;
Second, received/possessed/concealed/(disposed of) the implement of husbandry;
[Third, knowing it was stolen.]
OR
[Third, knowing it was converted under [Specify Circumstances Constituting a Crime].]
______________________________
Statutory Authority: 47 O.S. Supp. 2019, § 4-103 (B).
Notes on Use
For the definition of "implement of husbandry", see 47 O.S. 2011, § 47-1-125. 
OUJI-CR 8-33 8-32
DEFENSE OF MENTAL ILLNESS - REQUIREMENTS
The existence of mental illness standing alone is not sufficient to establish the Defense of Mental Illness. Instead, a person is not guilty by reason of mental illness when that person committed the act for which the person has been charged while mentally ill and was either unable to understand the nature and consequences of his/her actions or was unable to differentiate right from wrong, and has not been diagnosed with antisocial personality disorder which substantially contributed to the act for which the person has been charged.
______________________________
Statutory Authority: 21 O.S. 2011, § 152(4); 22 O.S.2011 & Supp. 2017, §§ 914, 1161.
Notes on Use
The major difference between not guilty by reason of mental illness and guilty with a mental defect is whether the defendant has been diagnosed with antisocial personality disorder that substantially contributed to the act for which the defendant has been charged. The governing statute, 22 O.S. Supp. 2017, § 1161, defines antisocial personality disorder by reference to the definition in the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5), or its subsequent editions. This condition is commonly called sociopathy, and it is characterized by a pervasive pattern of disregard for, or violation of, the rights of others and an impoverished moral sense or conscience. 
OUJI-CR 8-31A 8-33
DEFENSE OF MENTAL ILLNESS - 
GUILTY WITH MENTAL DEFECT 
I am also required by law to instruct you concerning the verdict of guilty with a mental defect. A person is guilty with mental defect if that person committed the act for which the person was charged and was either unable to understand the nature and consequences of his/her actions or was unable to differentiate right from wrong, and has been diagnosed with antisocial personality disorder which substantially contributed to the act for which the person has been charged. At the end of these instructions you will be asked to determine whether the Defendant is guilty, guilty with a mental defect, not guilty, or not guilty by reason of mental illness.
______________________________
Statutory Authority: 22 O.S. Supp. 2017, § 1161(H)(4).
OUJI-CR 8-33B
DEFENSE OF MENTAL ILLNESS - BURDEN OF PROOF
Every person is presumed to be sane, and unless evidence is produced that the defendant is not guilty by reason of mental illness, the defense of mental illness does not apply. Therefore, unless you determine that sufficient evidence has been presented to raise a reasonable doubt that the defendant is not guilty by reason of mental illness, the State may rely on this presumption and not offer any proof that the defense of mental illness does not apply. However, if sufficient evidence has been presented to raise a reasonable doubt that the defendant is not guilty by reason of mental illness, the State has the burden to prove beyond a reasonable doubt that the defendant was not acting under circumstances sufficient to constitute the defense of mental illness. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty by reason of mental illness.
______________________________
Statutory Authority: 21 O.S. 2011, § 152(4); 22 O.S. 2011 & Supp. 2017, §§ 914, 1161.
Notes on Use
The explicit language of 22 O.S. Supp.2017, § 1161(A)(4 5) requires the defendant to raise the Defense of Mental Illness. Every person is presumed to be of sound minds mind and capable of committing crimes, thus, it is the defendant's burden to produce evidence establishing the defense of not guilty by reason of mental illness. See 21 O.S. 2011, § 152(4). 
OUJI-CR 8-33C
DEFENSE OF MENTAL ILLNESS - EXPLANATION OF CONSEQUENCES OF VERDICT OF NOT GUILTY BY REASON OF MENTAL ILLNESS AND GUILTY WITH MENTAL DEFECT
If you decide that the defendant is not guilty by reason of mental illness at the time of the commission of the crime charged, the defendant shall not be released from confinement in a mental hospital until the court determines that the defendant is not dangerous to the public peace and safety by being a risk of harm to himself/herself or others on account of a mental illness.
If you decide that the defendant is guilty with mental defect, you shall then determine the proper punishment as prescribed in these Instructions. A defendant found to be guilty with mental defect shall not be placed in the community without undergoing a mental examination and adoption of a treatment plan.
______________________________
Statutory Authority: 22 O.S. Supp. 2017, § 1161(A)(2), (A)(5).
Notes on Use
This Instruction should be given when a defense of not guilty by reason of mental illness has been raised. The Court of Criminal Appeals held in Ullery v. State, 1999 OK CR 36, ¶ 28, 988 P.2d 332, 346, that a jury instruction on the consequences of a verdict of not guilty by reason of insanity was not required. However, in an unpublished decision, Fears v. State, No. F-2004-1279 (July 7, 2006), the Court of Criminal Appeals has suggested that trial courts should use an instruction explaining the consequences of a verdict of not guilty by reason of insanity. There is a risk that jurors might confuse a verdict of not guilty by reason of mental illness with other not guilty verdicts and think that the defendant would go free if they returned a verdict of not guilty by reason of mental illness. See Lyles v. United States, 254 F.2d 725, 728 (D.C. Cir. 1957), overruled in part in Brawner v. United States, 471 F.2d 969 (D.C. Cir. 1972). This Instruction ought to avoid both juror confusion and also unnecessary speculation by jurors during their deliberations. 
OUJI-CR 8-32 8-33D
DEFENSE OF MENTAL ILLNESS - DEFINITIONS
Mental Illness: A person is mentally ill if that person has a substantial disorder of thought, mood, perception, psychological orientation or memory that significantly impaired judgment, behavior, capacity to recognize reality or ability to meet the ordinary demands of life.
Mental Defect: A person has a mental defect if that person has been diagnosed with antisocial personality disorder which substantially contributed to the act for which the person has been charged.
Antisocial Personality Disorder: An antisocial personality disorder is a pervasive pattern of disregard for and violation of the rights of others, occurring since the age of fifteen (15). It is indicated by three or more of the following:
1. Failure to conform to social norms with respect to lawful behaviors, as
indicated by repeatedly performing acts that are grounds for arrest.
2. Deceitfulness, as indicated by repeated lying, use of aliases, or conning others for personal profit or pleasure.
3. Impulsivity or failure to plan ahead.
4. Irritability and aggressiveness, as indicated by repeated physical fights or assaults.
5. Reckless disregard for safety of self or others.
6. Consistent irresponsibility, as indicated by repeated failure to sustain consistent work behavior or honor financial obligations.
7. Lack of remorse, as indicated by being indifferent to or rationalizing having hurt, mistreated, or stolen from another.
In addition, 1) the individual is at least eighteen (18) years of age, 2) there is evidence of conduct disorder with onset before fifteen (15) years of age, and 3) the occurrence of antisocial behavior is not exclusively during the course of schizophrenia or bipolar disorder.
______________________________
Statutory Authority: 22 O.S. Supp. 2017, § 1161(H). 
Notes on Use
This Instruction should be modified if the definition is modified by a subsequent edition of the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5).
Committee Comments
The Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders has two definitions of personality disorders, including the antisocial personality disorder. The first definition of antisocial personality disorder is found in Section II, and it has not changed from the definition in the Fourth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV). This is the definition shown above. 
The DSM-5 also includes an alternative approach to the diagnosis of personality disorder, which is found in Section III. The alternative approach was developed for DSM-5 for further study, and it is "based on a literature review of reliable clinical measures of core impairments central to personality pathology." DSM-5 Appendix, at p. 816. The DSM-5 states: "The current approach to personality disorders appears in Section II of DSM-5, and an alternative model developed for DSM-5 is presented here in Section III. The inclusion of both models in DSM-5 reflects the decision of the APA Board of Trustees to preserve continuity with current clinical practice, while also introducing a new approach that aims to address numerous shortcomings of the current approach to personality disorders." DSM-5, Section III, at 763.
OUJI-CR 10-13A
REQUIRED SERVICE OF 85% OF SENTENCE
A person convicted of [Specify Crime in 21 O.S. Supp. 2005 2019, § 13.1] shall be required to serve not less than eighty-five percent (85%) of the sentence imposed before becoming eligible for consideration for parole and shall not be eligible for any credits that will reduce the length of imprisonment to less than eighty-five percent (85%) of the sentence imposed.
______________________________
Statutory Authority: 21 O.S. 2001 2011, § 12.1, 21 O.S. Supp. 2005 2019, § 13.1 
Notes on Use
This Instruction must be given in trials for crimes specified in 21 O.S. Supp. 2005 2019, § 13.1 that occurred after the effective date of the inclusion of the offense in the statute. Anderson v. State, 2006 OK CR 6, ¶ 24, ___ P.3d ___ 130 P.3d 273, 282-283. There are also other statutes besides 21 O.S. Supp. 2005 2019, § 13.1 that mandate limitations on parole and credits. See, e.g., 21 O.S. 2001 2011, § 801 (robbery with dangerous weapon); 47 O.S. 2001 2011, § 1503(J) (operation of chop shop); 63 O.S. Supp. 2005 2019, § 2-401(F) (distribution of controlled dangerous substance within 2,000 feet of a school); 63 O.S. Supp. 2005 2019, § 2-401(G) (manufacture of controlled dangerous substance). This Instruction should be modified as appropriate to incorporate the crimes in these statutes. If life imprisonment is an option, OUJI-CR 10-13B should be used instead of this Instruction.
Committee Comments
In Anderson v. State, 2006 OK CR 6, ¶ 24, ___ P.3d ___ 130 P.3d 273, 282-283, the Oklahoma Court of Criminal Appeals referred to the current policy of the Oklahoma Pardon and Parole Board and stated that "parole for any sentence over 45 years ... is calculated based upon a sentence of 45 years." The Anderson case involved a life sentence, however, and so, this statement was not a part of the Court's holding. Section 13.1 as well as the other statutes that mandate limitations on parole and credits do not provide exceptions for sentences for over 45 years. Accordingly, the Committee has concluded that this Instruction should be given even if the possible sentence is for more than 45 years.
Because Anderson did not address the issue of the possibility of commutation of a sentence by the Governor upon a recommendation by a majority of the Pardon and Parole Board, in accordance with Okla. Const. Art. 6, § 10, this Instruction does not address this issue.
OUJI-CR 10-13B
REQUIRED SERVICE OF 85% OF SENTENCE WHERE LIFE IMPRISONMENT IS AN OPTION
A person convicted of [Specify Crime in 21 O.S. Supp. 2005 2019, § 13.1] shall be required to serve not less than eighty-five percent (85%) of the sentence imposed before becoming eligible for consideration for parole and shall not be eligible for any credits that will reduce the length of imprisonment to less than eighty-five percent (85%) of the sentence imposed.
If a person is sentenced to life imprisonment, the calculation of eligibility for parole is based upon a term of forty-five (45) years, so that a person would be eligible for consideration for parole after thirty-eight (38) years and three (3) months. However, if a person is not granted parole, he or she will be imprisoned for the remainder of his or her natural life while serving a sentence of life imprisonment.
Notes on Use
The Oklahoma Court of Criminal Appeals held in Anderson v. State, 2006 OK CR 6, ¶ 24, ___ P.3d ___ 130 P.3d 273, 282, held that where life imprisonment is an option, a jury instruction "should include some reference to [the Oklahoma Pardon and Parole Board's current] policy (or any successor policy)." Accordingly, the trial court should be satisfied that this Instruction is still consistent with the Oklahoma Pardon and Parole Board's current policy before using this Instruction. directed trial courts to use this Instruction in Runnels v. State, 2018 OK CR 27, ¶ 35, 426 P.3d 614, 621.
OUJI-CR 10-17
RETURN OF VERDICT --
PRIOR CONVICTIONS ADMITTED (SINGLE STAGE)
If you find beyond a reasonable doubt that the defendant committed the crime of [Crime Charged], you shall return a verdict of guilty by marking the Verdict Form appropriately. If you have a reasonable doubt of the defendant's guilt to the charge of [Crime Charged], or you find that the State has failed to prove each element of [Crime Charged] beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.
The defendant has admitted that he/she has [Specify Number] previous conviction(s). You may not consider this/these previous conviction(s) as proof of guilt in the case before you. You may consider the previous conviction(s) for the purpose of determining the punishment if you find that the defendant is guilty of the crime of [Crime Charged] in the present case.
The punishment for [Crime Charged] after [Number] previous conviction(s) is imprisonment in the State penitentiary custody of the Department of Corrections for a term of [Specify Term Provided in 21 O.S. 2001 2011 & Supp. 2004 2019, § 51.1(A), or 51.1a or 51.3] years. When you have decided on the proper punishment, you should fill in the appropriate space on the verdict form and return the verdict to the Court.
_____________________________
Statutory Authority: 21 O.S. 2011 & Supp. 2019, §§ 51.1, 51.1a.
Notes on Use
This instruction should be used if the defendant has waived bifurcation and admitted the prior convictions or the prior convictions were introduced by the prosecutor after the defendant took the stand. 
A Verdict Form to go with this instruction is provided in OUJI-CR 10-18, infra. 
Committee Comments
The defendant may waive bifurcation expressly so that the jury will be made aware of the severity of punishment when it makes its determination of guilt. See Jones v. State, 1974 OK CR 172, ¶ 18, 527 P.2d 169, 173 (waiver of bifurcation is within the discretion of the trial court), overruled on other grounds, Fulton v. State, 1975 OK CR 200, ¶ 4, 541 P.2d 871, 872. But cf. Lenion v. State, 1988 OK CR 230, 763 P.2d 381 (no waiver if defendant merely fails to request bifurcation). See also Eslinger v. State, 1987 OK CR 53, ¶ 19, 734 P.2d 830, 834 (defendant not entitled to bifurcated trial if he confessed to former convictions under oath); Ray v. State, 1990 OK CR 15, ¶¶ 7-8, 788 P.2d 1384, 1386 (bifurcation waived when defendant testified in own behalf); Reed v. State, 1978 OK CR 58, ¶¶ 14-17, 580 P.2d 159, 162-63 (two-stage proceeding was not necessary where defendant admitted prior conviction on cross-examination).
OUJI-CR 10-19
RETURN OF VERDICT --
PRIOR CONVICTIONS STIPULATED (SECOND STAGE)
By your verdict in the first part of this trial you have already found the defendant guilty of the crime of [Crime Charged]. You must now determine the proper punishment.
The defendant has admitted that he/she has [Specify Number] previous conviction(s). The punishment for [Crime Charged] after [Specify Number] previous conviction(s) is imprisonment in the State penitentiary custody of the Department of Corrections for a term of [Specify Term Provided in 21 O.S. 2001 2011 & Supp. 2004 2019, § 51.1(A), or 51.1a or 51.3] years. When you have decided on the proper punishment, you should fill in the appropriate space on the verdict form and return the verdict to the Court.
______________________________
Statutory Authority: 21 O.S. 2001 2011 & Supp. 2004 2019, §§ 51.1, 51.1a, 51.3.
Notes on Use
This instruction should be used in cases where sentence enhancement is sought for prior convictions and the defendant has stipulated to the fact of the prior convictions. For a second stage instruction for cases where the defendant has not stipulated to the prior convictions, see OUJI-CR 10-21.
If there are multiple counts, the pattern for this instruction should be repeated for each count. 
A Verdict Form for the second stage where the prior convictions have been stipulated to is provided OUJI-CR 10-20, infra. 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA